## WELLS *v.* CHRISTIAN ET AL.

[No. 20,559.   Filed January 2, 1906.]

1. STATUTES.—*"Manufactory."*—*Steam-Heating Plant.*—*Laborers' Liens.*—A steam-heating plant equipped with machinery for the production and conveyance of steam for heating purposes under a municipal franchise is a "manufactory" within the meaning of §7255 Burns 1901, Acts 1899, p. 569, providing for the enforcement of a lien for labor on any "house, mill, manufactory," etc.   p. 664.

2. SAME.—*"Manufactory."*—*Heating Plant.*—*Pipes in Street.*—*Liens.*—The pipes, laid in the streets, which are used for the conveyance of steam from a heating plant to the consumer is a part of a "manufactory" within §7255 Burns 1901, Acts 1899, p. 569, and the laborers who dig trenches for such pipes, those hauling materials for such work, and those excavating and filling such trenches are entitled to a lien on such plant for such services, the fact that such labor was not performed on the lot where the power plant was located being immaterial.   p. 665.

From Superior Court of Marion County (66,369); *J. L. McMaster*, Judge.

Suit by Nelson Wells against Emma A. Christian and another. From a decree for defendants, plaintiff appeals. *Reversed.*

*C. E. Fenstermacher*, for appellant.

*William W. Spencer* and *Edwin W. Spencer*, for appellees.

MONTGOMERY, J.—This suit was brought by appellant to foreclose a mechanic's lien. The cause was tried by the court, special findings made, and conclusions of law

stated thereon in favor of appellees. Appellant excepted to the conclusions of law, and predicates his assignment of error upon that exception.

The appeal directly to this court is by virtue of the provisions of §1337h Burns 1901, Acts 1901, p. 565, §8, and involves the proper construction of §7255 Burns 1901, Acts 1899, p. 569.

The special finding of facts by the trial court shows: That on the 1st day of September, 1903, appellees were the owners in fee of a certain lot in the city of Indianapolis, upon which a boiler house was situated, bordering on the north line of Anchor street, and in the basement of said boiler house, and about ten feet from the north line of said street, a sixty-horse-power steam boiler was permanently located; that on said date appellees entered into a contract with Hays Brothers to lay under ground and through said street, from the southwest corner of said lot, a seven-inch steam pipe, and to connect said pipe with said boiler; that, pursuant to said contract, Hays Brothers contracted with one Maxey to dig a trench from the southwest corner of said lot through said street to the first alley running north and south, to fill up said trench, restore the street to its original condition, and haul away the remaining dirt; that, pursuant to said contract, Maxey employed appellant to haul away the dirt dug out of said trench, and to haul sand to be used in refilling the same and in replacing the brick on said street; that said pipe was afterwards laid in such trench and permanently connected with said boiler, and used to transmit steam for heating purposes, under a franchise from said city, but no part of said pipe was laid, and no part of said work was done on that part of said street bordering upon said lot, except at the southwest corner of said lot; that, pursuant to said employment, appellant hauled away the dirt dug from said trench, and hauled sand for the purposes aforesaid, which hauling was reasonably worth $7; that within sixty days

after doing said work appellant filed in the office of the recorder of Marion county written notice of his intention to hold a mechanic's lien upon said lot for the amount of said labor claim, which notice was duly recorded; that said sum was due and unpaid and it became necessary for appellant to employ an attorney to prosecute this suit, and the services of said attorney were reasonably worth $15.

The statute upon which appellant bases his alleged lien (§7255, *supra*) reads as follows: "That contractors, subcontractors, mechanics, journeymen, laborers and all persons performing labor or furnishing material or machinery for the erection, altering, repairing or removing any house, mill, manufactory, or other building, bridge, reservoir, system of water-works or other structure, or for constructing, altering or repairing or removing of any sidewalk, walk, stile, well, drain, sewer or cistern, may have a lien separately or jointly upon the house, mill, manufactory or other building, bridge, reservoir, system of water-works or other structure, sidewalk, walk, stile, well, drain, sewer or cistern which they may have erected, altered, repaired or removed, or for which they may have furnished material or machinery of any description, and on the interest of the owner of the lot or parcel of land on which it stands or with which it is connected to the extent of the value of any labor done, material furnished or either."

We have not been favored with a brief on behalf of appellees, and are not advised of the exact ground upon which the trial judge rested his denial of appellant's alleged lien.

The generation of steam to be distributed through pipes laid in the streets under a franchise granted by the municipality, and supplied to patrons for heating purposes, is the function of a manufactory. The building equipped with machinery for the generation of steam for such use permanently located upon appellee's lot was a manufactory within the meaning of the statute above quoted. *Bates*

*Mach. Co.* v. *Trenton, etc., R. Co.* (1904), 70 N. J. L. 684, 58 Atl. 935, 103 Am. St. 811. See *Burke* v. *Mead* (1902), 159 Ind. 252.

In the case of *Dudley* v. *Jamaica Pond, etc., Co.* (1868), 100 Mass. 183, it was said by Hoar,. J.: "A gas company is strictly a manufacturing corporation, and comes within the letter as well as the spirit of the act. Instead of sending its manufacture to its customers in packages, or by other vehicles, it distributes it through pipes which are connected with and form a necessary appendage to its works."

The mains and pipes laid down in the streets and elsewhere to distribute the steam among those who are to enjoy the beneficial use of it are clearly a part of the 2. apparatus necessary to accomplish the objects for which such heat plant was erected. They constitute a part of the machinery by means of which the business of supplying heat to others must be carried on. The laying of these connecting pipes, essential to the exercise of the franchise held by appellees, was a part of the erection of the manufacturing plant. The contract for the excavation of the trench, the laying of the pipe therein, and the restoration of the street to its original condition, called for the performance of labor in and upon the erection of said manufactory. The hauling of materials to be used in the performance of the work, and hauling away the surplus earth excavated, were incidental matters inseparably connected with the principal undertaking, and constituted items of labor for which a lien may be acquired. *Bates Mach. Co.* v. *Trenton, etc., R. Co., supra; Fowler* v. *Pompelly* (1903), 25 Ky. Law Rep. 615, 76 S. W. 173.

The work which appellant performed being directly and necessarily connected with the erection of appellees' heating system, as already shown, it was an immaterial matter whether such work was performed upon the particular premises to which the labor lien primarily attached, or

upon the street in front of the same, or at some point where appellees owned merely an easement or were operating under a license from the city. The claim sued upon and found to be due and unpaid is within the protection of the statute, and appellant, having taken the steps necessary to perfect a lien upon the real estate described, was entitled to a decree of foreclosure. *Steger* v. *Arctic Refrigerating Co.* (1891), 89 Tenn. 453, 14 S. W. 1087, 11 L. R. A. 580; *Beatty* v. *Parker* (1886), 141 Mass. 523, 6 N. E. 574; *Hughes* v. *Lambertville, etc., Power Co.* (1895), 53 N. J. Eq. 435, 32 Atl. 69; *Badger Lumber Co.* v. *Marion Water, etc., Co.* (1892), 48 Kan. 182, 29 Pac. 476, 15 L. R. A. 652, 30 Am. St. 301; *Southern, etc., Supply Co.* v. *Rolla, etc., Power Co.* (1898), 75 Mo. App. 622; *National, etc., Pipe Works* v. *Oconto Water Co.* (1892), 52 Fed. 43.

The conclusions of law stated were erroneous, and the judgment is reversed, with directions to restate conclusions of law in appellant's favor, and to render judgment accordingly.