## STEPHENS ET AL. *v.* DUFFY.

[No. 6,061. Filed October 18, 1907. Rehearing denied January 10, 1908. Transfer denied March 11, 1908.]

1. MECHANICS' LIENS.—*Separate Buildings.—Notice.*—Where, in repairing a house, some of the tin gutters, at the owner's request, were placed on the barn on the owner's immediate premises, a mechanic's lien can be taken for such labor and material; and a notice of an intention to hold a lien for labor and material so furnished, is not void. pp. 386, 387.

2. SAME.—*Notice.—Defects.*—A notice describing the land upon which a mechanic's lien is sought as the north part of a certain quarter section, and another part of said section, instead of specifying all of such section except a certain part, is not void; and a lien can be decreed thereon, upon averment and proof of the true description, the notice being sufficient to apprise the owner of the property intended. pp. 386, 388.

3. SAME.—*Servants of Subcontractors.—Second Subcontractors.*—Under the Indiana mechanics' lien statute (§8295 Burns 1908, Acts 1899, p. 569), providing, among other things, that "contractors, subcontractors, * * * and all persons performing labor or furnishing material or machinery for the erection, altering, repairing, or removing any house * * * may have a lien," the servant of a subcontractor, as well as an independent contractor of a subcontractor, has the right to hold a mechanic's lien for labor performed upon a building; and it is not necessary in such case to show a contractual relation with the owner. pp. 387, 388.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Suit by Sylvester Duffy against DeWitt Stephens and others. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Funkhouser & Funkhouser* and *F. M. Hostetter,* for appellants.

*Carter & Morrison,* for appellee.

ROBY, J.—This is an appeal from a decree of the Superior Court of Vanderburgh County, foreclosing a mechanic's lien for $41.35 upon a farm of 152 acres, in which sum an attorney's fee of $10 is included.

The first point stated for reversal is that the notice of intention is void, in that it includes amounts. claimed to be due for work done upon two distinct buildings. The work 1. was done upon the dwelling-house located upon the farm referred to. Some of the tin gutters which were taken off the porches were placed on the barn at the instance of the person in charge of the premises. It cannot be regarded as distinct from the main job, but was incidental thereto. The cases of *Hill* v. *Braden* (1876), 54 Ind. 72, and *Hill* v. *Ryan* (1876), 54 Ind. 118, are not in point. "There is no reason why a joint lien may not be taken upon a dwelling with all its appurtenant outbuildings. *Crawford* v. *Anderson* (1891), 129 Ind. 117, 120; *Premier Steel Co.* v. *McElwaine-Richards Co.* (1896), 144 Ind. 614.

The second proposition for reversal is that the notice of intention was void for uncertainty of description. The description of the premises in the notice was defective, 2. in that it describes the property as the north part of a certain quarter section, and another part of said section, when it should have been, all of said section, except a certain part. This mistake was pointed out, and appropriate averments in relation thereto made in appellee's amended complaint. The question raised as to whether reformation can be had of a mechanic's-lien notice is not material. The further question—can the lien be decreed upon the notice as given—must be decided in the affirmative. The purpose of a mechanic's-lien notice is to inform the owner of the creditor's intention in such a manner that he will know

what property is intended. *Smith* v. *Newbaur* (1896), 144 Ind. 95, 33 L. R. A. 685. Rights of third parties are not involved, and the description, supplemented by the averments in the complaint, is sufficient.    *Quaack* v. *Schmid* (1892), 131 Ind. 185; *McNamee* v. *Rauck* (1891), 128 Ind. 59; *Coburn* v. *Stephens* (1894), 137 Ind. 683, 45 Am. St. 218.

The fact that the appellee did the work for a subcontractor does not deprive him of the right to be paid for it or to secure himself by a mechanic's lien.    The language of the Indiana statute is comprehensive: ''That contractors, subcontractors, mechanics, journeymen, laborers, and all persons performing labor or furnishing material or machinery for the erection, altering, repairing, or removing any house * * * may have a lien,'' etc. §8295 Burns 1908, Acts 1899, p. 569.

Judgment affirmed.

Comstock, C. J., concurs in the conclusion.


## On Petition for Rehearing.

Roby, C. J.—In support of the petition for rehearing appellants' attorneys insist that the holding that a lien might be had upon two separate buildings was not justified in the absence of a showing that the two buildings were appurtenant to each other.    The premise is not correct.    The first witness examined testified that the real estate is ''what is known as the 'Old Stephens Homestead'.'' One of defendants' witnesses testified as follows:

Q.    Now this barn and this house are both on the same piece of land in Center township?    A.    Yes, sir.

Q.    You are in charge of this farm?    A.    Yes, sir.

Q.    You made this contract for them, and attended to everything that was needed?    A.    Yes, sir.

There is no lack of evidence to support the finding, aside from the above.

The description of real estate contained in the notice of

intention to hold a lien was sufficient. "Any description of the lot or land in a notice of a lien will be sufficient

2. if, from such description, or any reference therein, the lot or land can be identified." Acts 1889, p. 257, §3, §8297 Burns 1908. The appellee testified that the *buildings* upon which the work was done were situated upon the real estate described in his amended complaint. The notice of lien containing a sufficient description, appellee's proof of a more accurate description of the same real estate entitled him to a decree foreclosing upon such specific description, and this was given. No question of reformation was in issue. The proof simply identified the land with particularity. The imperfect description in the notice was supplemented by extrinsic evidence. *Dalton* v. *Hoffman* (1893), 8 Ind. App. 101; *Davis & Rankin, etc., Mfg. Co.* v. *Vice* (1896), 15 Ind. App. 117.

It is finally insisted, renewing the contention first made in the original brief, that appellee was a sub-subcontractor, and therefore not entitled to the benefit of the statutory

3. lien. The statute provides: "contractors, subcontractors, mechanics, journeymen, laborers, and all persons performing labor or furnishing material," etc. §8295 Burns 1908, Acts 1899, p. 569. The *ejusdem generis* rule is invoked in support of the claim, in effect, that the phrase, "all persons," adds nothing to the enumeration of those who may acquire a lien.

Applying it to the act under consideration, the phrase "all persons" includes a person who comes within the spirit of the act, and who, like subcontractors and the employes of subcontractors, contribute labor or material necessary to the completion of the work which the owner has contracted to have done. Appellants' proposition comes to this: A laborer employed by the day to do a job of work which takes one day is within the protection of the law, but if he agrees with the same man to do the same work for $2 the law is not for him. The work done was inseparably incidental to the

improvement that appellant contracted to have done. Had the sub-subcontractor employed appellee to do this work under a contract to pay him therefor by the day, the statute would have been available. *Wells* v. *Christian* (1906), 165 Ind. 662. Counsel have supported their proposition, that a sub-subcontractor cannot acquire a lien, by the citation of eleven cases decided in other jurisdictions in which statements to that effect are made. The cases are necessarily confusing without an examination of the statutes with reference to which the decisions were made. There are three classes of mechanics'-lien statutes in the United States, and the cases cited by appellants do not relate to the class which has been enacted in Indiana. These classes are: (1) Those which create a lien without regard to any contractual relation with the owner of the building or structure; (2) those which confine the lien to those who have contractual relations with the owners of the building or structure; (3) those which have regard to the contractual relation of the parties and limit the persons, who, besides the owners, can create a contractual relation under which a lien can be taken. *Central Trust Co.* v. *Richmond, etc., R. Co.* (1892), 54 Fed. 723, 726. Our statute must be included in the first class. It does not demand a contract relation with the owner. The courts have frequently declared that the work must be contracted for by the owner, otherwise a mere interloper could acquire a lien. *Littler* v. *Robinson* (1906), 38 Ind. App. 104; *Ogg* v. *Tate* (1875), 52 Ind. 159; *Hopkins* v. *Hudson* (1886), 107 Ind. 191, 195; *Alvey* v. *Reed* (1888), 115 Ind. 148, 149, 7 Am. St. 418; *Littler* v. *Friend* (1906), 167 Ind. 36. The Oregon statute involved in *Fisher* v. *Tomlinson* (1900), 40 Ore. 111, 60 Pac. 390, 66 Pac. 696, will serve as an example of those statutes coming within the third class. It is in part as follows: ''Every * * * person * * * furnishing * * * material of any kind to be used in the construction * * * of any building * * * shall have a lien upon the same for the * * * material furnished

at the instance of the owner of the building  *  *  * - or his agent; and every contractor, subcontracter, architect, builder, or other person having charge of the construction  *  *  * of any building  *  *  * shall be held to be the agent of the owner for the purpose of this act.'' Hill's Anno. Laws (Ore.) §3669. The wording of the federal statute, under which the case of *Monroe* v. *Hannan* (1889), 7 Mackey 197, 3 L. R. A. 549, was decided, is in part: ''Shall be subject to a lien in favor of the contractor, subcontractor, material-man, journeyman, and laborer, respectively, for the payment for work done or materials contracted for,'' etc. Act of congress of 1884, ch. 143, 23 Stat. (U. S.) p. 64. Under such statutes it is necessarily held that one who neither deals with the owner, nor with any other person expressly empowered by the statute to bind the owner, cannot acquire a lien, and the distinction between such statutes and our own differentiates the cases cited by appellant. In holding that one who does work for a subcontractor is within the statute, nothing is added to the terms of the statute. The consent of the owner, to evidence which some contract obligation on his part is required by the decisions, exists in this case as it does where the laborer is employed by the day by a sub-subcontractor. *Pere Marquette R. Co.* v. *Smith* (1905), 36 Ind. App. 439; *Wells* v. *Christian, supra.*

Petition for rehearing overruled.