**George J. Sutherland, Appellant, v. Rockford & Interurban Railway Company, Appellee.**

**Gen. No. 5530.**

1. CHILD LABOR LAW—*act construed.* *Held,* that the child labor law was intended to apply only to the employment of children under stated ages in stores, factories, work-shops and other buildings and enclosed places where any labor is performed, and that it was not intended to apply to the employment of children outside.

2. STATUTORY LAW—*rule of ejusdem generis.* Under this rule general words following an enumeration of particular cases are held to apply only to cases of the same kind as those which are expressly mentioned.

3. PLEADING—*when declaration by servant defective.* If a servant charges negligence resulting in his injury he should also allege that such negligence was not that of a fellow-servant, if under the facts set up the injury might have resulted from the negligence of a fellow-servant.

Action in case for personal injuries. Appeal from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the April term, 1911. Affirmed: Opinion filed October 13, 1911. *Certiorari* denied by Supreme Court (making opinion final).

CHARLES W. FERGUSON and A. D. EARLY, for appellant.

FISHER & NORTH and R. K. WELSH, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

The declaration sets forth the following state of facts. On August 9, 1908, the Rockford & Interurban Railway Company, appellee herein, owned and operated a system of street railway lines in and about the city of Rockford. It conducted an amusement resort, known as Harlem Park, near the city of Rockford, and one of its lines ran to this park. During the park season, it often became necessary to attach extra cars, or "trailers," to the regular cars running to and from Harlem Park, and these trailers were in charge of one man, whose principal duties seem to have been to operate the brake of the trailer and signal the motorman of the regular car when passengers desired to alight from such trailer. On the date in question, and for some time prior thereto, George J. Sutherland, appellant herein, had been employed by appellees at different times to take charge of a trailer on trips to and from Harlem Park. He had worked on the afternoon of August 9th in such em-

ployment and, when he ceased work at six P. M., had been directed to report at seven P. M. for further work. He reported at the general office of appellee in the city of Rockford and was directed to proceed to the company's barns, near Harlem Park, and there report to the "starter," who would put him in charge of a trailer. He proceeded to the barn and, not finding the starter there, attempted to board a moving car of appellee for the purpose, as alleged, of riding to another point where he expected to find the starter. In some way, he lost his hold on the grab handle on the side of such moving car, was thrown down and run over, injuring him so as to require the amputation of portions of both legs. He brought suit against the company, by his next friend, and filed a declaration to which a demurrer was sustained. He thereupon filed an amended declaration of three counts, to which also a demurrer was sustained. He elected to abide by his amended declaration and defendant below had judgment, from which plaintiff appeals.

The first count of the amended declaration, besides stating the facts as hereinbefore given, also alleges that on the date in question, appellant was under the age of sixteen years and that he was injured after seven o'clock in the evening and before seven o'clock in the morning. It is evident that this first count is laid under section 10 of the Child Labor Law of 1903, which section is as follows:

"No person under the age of sixteen years shall be employed or suffered or permitted to work at any gainful occupation more than forty-eight hours in any one week, nor more than eight hours in any one day; or before the hour of seven o'clock in the morning or after the hour of seven o'clock in the evening. Every employer shall post in a conspicuous place in every room where such minors are employed a printed notice stating the hours required of them each day of the week, the hours of commencing and stopping work and the hours when the time or times al-

lowed for dinner or for other meals begins and ends. The printed form of such notice shall be furnished by the State Inspector of Factories, and the employment of any such minor for a longer time in any day so stated shall be deemed a violation of this section.''

Appellant contends that, under the provisions of this section, appellee became liable for any injury sustained by him when employed by appellee after seven P. M. and while he was under sixteen years of age, regardless of whether or not appellee had been guilty of negligence.

The second count of this amended declaration alleges that the employment of appellant while under the age of sixteen years was dangerous to the life and limbs of appellant, thus seeking to lay this count under section 11 of the Child Labor Law, a portion of which is as follows:

''No child under the age of sixteen years shall be employed  *  *  *  in any capacity whatever in the manufacture of goods for immoral purposes, or any other employment that may be considered dangerous to their lives or limbs or where their health may be injured or morals depraved;  *  *  *  .''

The court has made an examination of all the different sections of the Child Labor Law, and of the various decisions of our courts relating thereto, and is of the opinion that said Child Labor Law was intended to apply only to the employment of children under stated ages in stores, factories, work shops and other buildings and enclosed places where any labor is performed, and that it was not intended to apply to the employment of children outside. The first section of said Act provides that no child, under a certain specified age, shall be employed, etc., in any theatre, concert hall, or place of amusement where intoxicating liquors are sold, or in any mercantile institution, store, office, hotel, laundry, manufacturing establishment, bowling alley, passenger or freight elevator, factory or workshop, etc. The second section of such

84    APPELLATE COURTS OF ILLINOIS.

Sutherland v. Rockford & Interurban Ry. Co., 165 Ill. App. 80.

Act prescribes that the employer of a child, under a certain specified age, in any mercantile institution, store, office, hotel, laundry, manufacturing establishment, bowling alley, theatre, concert hall or place of amusement, passenger or freight elevator, factory or workshop, shall keep a register, etc., and shall procure an age and school certificate approved as thereinafter provided. The third section of said Act provides that every person etc., employing, etc., shall post and keep posted in a conspicuous place in every room in which such help is employed or suffered or permitted to work, a list, etc. Section four of said Act provides, among other things, that there must be produced and placed on file in such mercantile institution, store, office, hotel, laundry, manufacturing establishment, bowling alley, theatre, concert hall or place of amusement, factory or workshop, and accessible to the State Factory Inspector, etc., an age or school certificate.

The enforcement of the Child Labor Law is entrusted to officials known as factory inspectors, and section 9 of said Act provides that such inspector shall visit all mercantile institutions, stores, offices, laundries, manufacturing establishments, bowling alleys, theatres, concert halls or places of amusement, factories or workshops, and all other places where minors are or may be employed, in this state, and ascertain whether any minors are employed contrary to the provisions of this Act. Section 10, as quoted above, requires the posting of a notice in every room where such minors are employed. Section 11 enumerates a large number of employments forbidden to children under sixteen years of age and then continues, as quoted in the third paragraph of this opinion, "or any employment that may be considered dangerous to their lives or limbs." The rule of construction, known as the rule of *ejusdem generis,* which in brief is that general words following an enumeration of particular cases are held to apply only to cases of the same kind as those which are expressly mentioned, will not permit the court to

construe the words, "any employment that may be considered dangerous to their lives or limbs," as applying to an employment like that of appellant by appellee, which is entirely different in character from those enumerated in section 11. Section 12 of said Act provides that the presence of any person under the age of sixteen years in any manufacturing establishment, factory or workshop, shall constitute *prima facie* evidence of his or her employment therein.

It is evident, from the above discussion of the various sections of said Child Labor Law, that it is intended to apply only to employment of children under a certain age in enclosed places. If the theory of appellant were correct and this law applied to all kinds of employment, it would be a violation of the law for a farmer to employ a child under the age of sixteen years at work before seven o'clock in the morning or after seven o'clock in the evening, and, if, while so employed, the child were injured, the farmer would be liable, regardless of the negligence, either of the child, or the farmer, and such a construction of the law would clearly be absurd. We conclude that the entire Act has no application to outdoor labor and was not so intended by the Legislature. Again, under the rule of construction known as *ejusdem generis,* the language "other employment that may be considered dangerous to their lives or limbs," in section 11, must be construed as applying to employments kindred to those enumerated in that section, and the employment of appellant upon a trailer car of appellee cannot, by any stretch of the imagination, be considered as included in that list. Therefore, the question whether or not the actual employment of appellant upon a trailer car of appellee was dangerous to his life or limb cannot enter into this case at all. It follows that the employment of appellant by appellee was not in violation of the Child Labor Law and that the demurrer to the first and second counts of the amended declaration was rightfully sustained.

The third count of the amended declaration, after setting out the situation in detail with regard to appellee's lines of railway and appellant's employment thereon, avers that he was working for appellant; that he attempted to board a trolley car of appellee slowly moving; that appellant, while in the exercise of due care and caution, seized a grab handle on said car and was about to jump on said car when the motorneer of said car, seeing appellant about to jump on said car while in motion, negligently put on additional power, which caused a sudden movement forward of said car, in consequence of which the grab handle was jerked from the grasp of appellant and he was thrown with great force upon the ground and under the wheels of said car, etc. This count also alleges, like the first and second, that appellant was under the age of sixteen years and that the accident occurred after seven o'clock in the evening. If this count was intended to be laid under section 10 or section 11 of the Child Labor Law, it is bad for the same reasons that apply to the first and second counts. If it was intended, as seems to be the case, to charge common law negligence, then it is likewise defective for other reasons. It does not aver that the negligence which is charged to have caused the accident was not the negligence of a fellow-servant of appellant, and it does state that it was the negligence of the motorneer which was responsible for the injury to appellant. Joliet Steel Co. v. Shields, 134 Ill. 209; Bennett v. Chicago City Ry. Co., 243 Ill. 420. The count charges that appellant was in the employ of appellee in charge of one of its trailer cars, and he would, therefore, under the authorities, be a fellow-servant with such motorneer.

In our judgment, the third count of the amended declaration is bad, whether brought under the statute or to charge common law negligence, and the demurrer was properly sustained thereto.

We find no reversible error in the record and the judgment is therefore affirmed.

*Affirmed.*