## KOCH *v.* FISHBURN.

[No. 13,156. Filed January 29, 1929. Rehearing denied June 28, 1929. Transfer denied November 15, 1929.]

*William V. Rooker,* for appellant.
*Charles L. Tindall* and *Means & Buenting,* for appellee.

McMAHAN, P. J.—This is an action by Simon Fishburn against Lura J. Koch to recover an amount alleged to have been owing the plaintiff for drilling and exploring for a well upon real estate owned by the defendant, and to foreclose a mechanic's lien. The complaint alleges that appellant is indebted to appellee for labor and material furnished at appellant's request, in

drilling and exploring for a well on certain described real estate owned by appellant, for which drilling the latter agreed to pay appellee $1.40 per foot, including the pipe and material furnished; that, pursuant to such agreement, appellee drilled for a well and furnished 222 feet of pipe therefor; that appellant paid appellee $9, leaving a balance of $310.80 due appellee; that notice of intention to hold a lien was recorded in the recorder's office of the proper county, a copy of such notice being filed with the complaint.

The facts were found specially, and are, in substance, as follows: Appellant was the owner of real estate described in the complaint, on which there was a house, and a dug well about 16 feet deep, in the bottom of which was a bored hole; in June, 1925, appellant employed appellee to construct a driven well on such real estate and agreed to pay him $1.40 per foot for the work, including the cost of the necessary pipe; appellee did not agree or guarantee to discover or produce a supply of water; in July, 1925, he drilled such well, drilling the first hole near the center of the old well to a depth of 35 feet, when he struck stone, rendering it impractical to proceed farther; he then drilled a hole near the side of the bottom of the old well, to a depth of 128 feet, and had to abandon that hole because of rock; he attempted to remove the pipe, but was not able to remove 112 feet of such pipe; he then drilled a third hole outside of the old well to a depth of 34 feet, where he again encountered rock; a fourth hole was then drilled to a depth of 35 feet, and rock rendered it impractical to proceed further with the work; soon thereafter appellee notified appellant that it was not practical to construct a driven well of sufficient depth to furnish an adequate supply of water, after which he abandoned the work; the total number of feet drilled by appellee in his effort to strike water was 232, and he left pipe in the holes to the extent

of 145 feet; there was due and owing appellee on the agreement $203, of which $9 had been paid. It is also found that, within 60 days from the time the work was done, appellee filed notice of his intention to hold a mechanic's lien. On these facts the court concluded appellee was entitled to recover $194, plus $75, attorney's fees, and to have a foreclosure of a mechanic's lien. Judgment followed the conclusion of law, hence this appeal.

The contentions in this court are that the court erred in overruling appellant's demurrer to the complaint, and in overruling her motion for a new trial.

Appellant's main objections to this complaint are: (1) That it fails to show that the labor and materials were performed and furnished for any structure or thing for which a mechanic's lien can be had: and (2) that it does not allege a performance by appellee of the condition required of him.

Section 9831 Burns 1926, Acts 1921 p. 135, provides, among other things, that contractors, subcontractors, laborers and persons furnishing material for the construction of a well may have a lien on the interest of the owner of the land on which the well is located to the extent of any labor or materials furnished. It is appellant's contention that the statute does not allow a lien for "drilling" for a well, but for the *erection and construction* of a well. The statute allows a mechanic's lien for labor and materials used in the "erection, altering, repairing or removing" certain designated structures, and for "constructing, altering repairing, or removing" certain designated things, including a well. Under the allegations of the complaint in the instant case, we hold appellant was engaged to construct a well, and that, under the allegations of the complaint, he was entitled to a lien on the land on which

the work was performed. Bouvier defines a well as "a hole dug in the ground in order to obtain water." The object may not be attained, but that does not prevent the hole so dug from being a well. The open or dug wells are, as a rule, a thing of the past. Instead of the dug well, we now have the driven or tubular well. If, in the instant case, appellee had dug a hole in the ground in order to obtain water, and, on reaching the rock formation, had abandoned the project, it could not be said he had not dug a well. The fact that he drilled the hole, instead of digging it, does not change the situation. Appellee, in the instant case, drilled four wells, and, under the agreement as set out in the complaint, was entitled to recover the agreed price from the appellee. There is no merit in the contention that the complaint does not allege performance. He did not agree or guarantee to drill a well that would furnish water in any quantity or of any quality. See *Littrell* v. *Wilcox* (1891), 11 Mont. 77, 27 Pac. 394; 9 C. J. 747, §82, and authorities there cited. The court did not err in overruling the demurrer to the complaint.

The evidence is ample to sustain the finding, and the amount of the recovery is within the evidence.

Judgment affirmed.