BEESON *v.* OVERPECK ET AL.

[No. 16,984.   Filed October 20, 1942.]

*Foley & Foley,* of Crawfordsville, for appellant.

*Arthur McGaughey* and *W. J. Sprow,* both of Crawfordsville, for appellees.

BLESSING, J.—Appellant, Carroll O. Beeson, a duly licensed architect, instituted a suit in the Montgomery

Circuit Court to foreclose a mechanic's lien for labor, services, materials, and supplies furnished by him in preparing plans and specifications, and supervising the remodeling of a Y. M. C. A. building into an apartment hotel.

To appellant's complaint, appellees filed their joint, separate and several demurrer, which demurrer was sustained by the trial court. To this ruling, the appellant excepted and refused to plead further in the cause, and judgment was rendered in favor of the appellees. In this appeal the appellant challenges the ruling of the trial court in sustaining appellees' demurrer, which was on the grounds of insufficiency of the facts to constitute a cause of action.

Appellant alleges in his complaint that he was employed in September, 1940, by appellees Earl Overpeck and Richard Smith to prepare plans and specifications for, and to supervise the remodeling of the aforementioned Y. M. C. A. building, for which services he was to receive as payment six per cent of the total cost of the remodeling of said building. The complaint further alleges the following facts: Appellant prepared all the necessary plans and specifications and properly supervised the work until the same was completed, but received only $600 in payment for his services. Appellees have refused to furnish said appellant with a statement of the amount expended by them, but appellant believed the amount expended to be approximately $45,000. In order to compromise and settle appellant's claim for additional payment, the appellees offered, and appellant agreed to accept the additional sum of $1,100, which was to be paid upon the completion of a mortgage loan by the R. F. C. Mortgage Company, a corporation. To protect and secure the payment of the said eleven hundred dollars, appellant filed notice of his intention

to hold a lien, which notice was recorded. Appellant then alleges that he is entitled to have his lien foreclosed because appellees secured the mortgage loan from the R. F. C. Mortgage Company, a corporation, but refused to pay to said appellant the sum of eleven hundred dollars.

The memorandum filed with the demurrer to the complaint is as follows:

"Memorandum of Insufficient Facts"

"Said complaint is filed for the sole and only purpose of foreclosing a mechanics lien against the property of said defendants, and the plaintiff being an architect, and it being shown that he was so employed, to prepare plans and specifications for the building in question and that his contract of employment provided that he was to receive as pay a per cent of cost of work done in making repairs as to building, and that no separate contract was made for his work in preparing plans and specifications and for superintending the work in question, and he not being a laborer, contractor, mechanic, material man, subcontractor or builder, he is not entitled to have and hold a mechanics lien on the building in question or to foreclose a lien thereon."

The only question to be determined in this cause is whether an architect is entitled to a mechanic's lien for his services in the preparation of plans and specifications, and for his services in supervising the construction or repair of a building. This precise question has not been adjudicated by the courts of last resort in this State.

Section 43-701, Burns' 1933 provides for a lien for contractors, subcontractors, mechanics, journeymen, laborers and all persons performing labor in the construction or alteration of any building.

Appellees contend that appellant did not come within

the provisions of the statute because he is not a "laborer."

In support of this contention appellees direct our attention to the case of *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. 1, 87 N. E. 215, in which the court defines the meaning of the word "labor" as contained in our mechanic's 'lien statute. This case was expressly overruled by our Supreme Court in the case of *Moore-Mansfield, etc., Co.* v. *Indianapolis, etc., R. Co.* (1913), 179 Ind. 356, 372, 101 N. E. 296. The court, in reviewing the history of the mechanic's lien statutes of this State and the authorities of other jurisdictions on the subject, points out the purpose of such statutes in this language:

> "The mechanics' lien laws of America, in general, reveal the underlying motive of justice and equity in dedicating, primarily, buildings and the land on which they are erected, to the payment of the labor and materials incorporated, and which have given to them an increased value. The purpose is to promote justice and honesty, and to prevent the inequity of an owner enjoying the fruits of the labor and materials furnished by others, without recompense."

The definition of "laborer" as found in the Century Dictionary is also quoted in this opinion, a portion of which is: "One who labors with body or mind, or both."

This case when considered along with the phrase in the statute, "and all persons performing labor" strongly supports the contention of the appellant that his claim is lienable.

Although there is some conflict of authority, the rule in the majority of the states which have adjudicated the question is to the effect that an architect who furnishes the plans and specifications for, and supervises the construction of a building is en-

titled to a lien thereon, under statutes which merely give a lien in general terms for work and labor furnished in the erection of a building. Annotation, 60 A. L. R. 1257.

In the case of *Cain* v. *Rea* (1932), 159 Va. 446, 451, 166 S. E. 478, a statute (similar to ours), which provided that all persons performing labor should be entitled to a lien, was interpreted to include architects. The court said:

> "Although there is some conflict of authority, the rule to the effect that an architect is entitled to a lien under the general terms of a statute which gives a lien for work done and labor furnished, obtains in the majority of jurisdictions. See note in 60 A. L. R., page 1257.
>
> "The language of our statute is general in its terms, and, in our opinion, embraces all persons who perform 'any labor.' We are unable to draw the distinction between one who puts his labor into plans for the erection of a building and actually supervises its erection, and one who in the role of a bricklayer or carpenter actually performs a manual service. That an architect is embraced in the protecting provisions of the statute is in our opinion conclusive of his right to file a mechanic's lien of property not exempt by statute or public policy."

In the case of *Stryker* v. *Cassidy* (1879), 76 N. Y. 50, 52, 32 Am. Rep. 262, the question presented to the court was whether an architect, who was employed to superintend the erection or alteration of a building, was entitled to a lien on the premises under an act which created a lien in favor of "any person who shall perform any labor, or furnish any materials, in building, altering, or repairing any house, etc. . . ." The court allowed the lien, saying:

> "The architect who superintends the construction of a building performs labor as truly as the carpenter who frames it, or the mason who lays

the walls, and labor of a most important character. It is not any the less labor within the general meaning of the word, that it is done by a person who is fitted by special training and skill for its performance. The language quoted makes no distinction between skilled and unskilled labor, or between mere manual labor and the labor of one who supervises, directs, and applies the labor of others."

The labor and skill of an architect in drawing plans and specifications and in superintending the work upon a building or reparation thereof are a part of the expense of construction, and as an item of such expense, they enter into and help form the value of the building. We can conceive of no sound reason why the person who performs such labor and furnishes such skill should not receive the same protection as the carpenter, the mason, or other mechanics. In a case like the present, where the architect draws the plans, and uses them as his tools in the supervision of the work, we think he is entitled to a lien for the labor expended in the drawing of the plans and specifications and in the supervision of the construction.

The sustaining of the demurrer to appellant's complaint was error, and the judgment is hereby reversed, with instructions to the trial court to overrule the demurrer to appellant's complaint.

NOTE.—Reported in 44 N. E. (2d) 195.