ROBERT HOUGH, D/B/A HOUGH ENTERPRISES *v.* JOHN ZEHRNER, A/K A JOHN ZEHNER, GERALD J. CAPRIO, AND EUGENE PHEBUS, A/K/A GENE PHEBUS, AND JOHN ZEHNER.

[No. 3-872A51. Filed October 31, 1973. Rehearing denied December 12, 1973. Transfer denied March 6, 1974.]

*Richard P. Komyatte, Daniel L. Freeland, Efron, Efron & Komyatte,* of Hammond, for appellant.

*William G. Conover,* of Valparaiso, for appellees.

## I.

## STATEMENT ON THE APPEAL

STATON, J.—Hough delivered 1,944.6 tons of crushed stone to Zehrner's junk and salvage yard where a new commercial garage for trucks was being constructed. The crushed stone was used for the driveway and parking area around the commercial garage where the muddy condition of the ground would not support commercial truck travel. When Hough was unable to obtain payment for the delivered crushed stone, he filed a mechanic's lien under IC 1971, 32-8-3-1; Ind. Ann. Stat. § 43-701 (Burns 1965). His foreclosure suit resulted in a judgment against him. The trial court concluded that Hough's lien was not within the scope of the statute. Hough filed his motion to correct errors which presents this question on appeal:

> Does the scope of the mechanic's lien statute encompass a materialman who delivers crushed stone for a driveway and parking area which is to be used in conjunction with a commercial garage being constructed?

Our opinion construes the above statute and concludes that such a materialman is entitled to a mechanic's lien. We reverse the trial court's judgment.

## II.

## STATEMENT OF THE FACTS

Hough entered into an oral contract with Caprio and Phebus in October, 1968 to supply crushed stone which would be used in the construction of a driveway and parking facility at Zehrner's junk and salvage yard where a new commercial garage was being built. The first delivery of stone to Zehrner

was on October 16, 1968, and the last load of crushed stone arrived on November 1, 1968. The total deliveries amounted to 1,944.6 tons of crushed stone for an agreed price of $2,916.90. Caprio and Phebus had a commitment to Zehrner for the delivery of the crushed stone. All parties knew of the agreement with Hough and the intended use of the crushed stone. When Hough was unable to receive payment from Caprio and Phebus, he filed his notice of claim for a mechanic's lien on December 30, 1968. The foreclosure action which commenced on June 17, 1968 resulted in a judgment against Hough. The trial court entered the following judgment:

> "The Court having had this matter under advisement and being duly advised in the premises, now finds:
>
> "That the crushed stone delivered by plaintiff to premises of defendant, John Zehrner, a/k/a John Zehner, was used in the filling of holes on the land and in covering certain lands to make a parking and driving area for trucks. Said crushed stone was not used in the erection of any building or structure.
>
> "The Indiana Supreme Court has often said that the mechanic's lien statutes are in derogation of the common law and must be strictly construed. This Court can find no authority in statute giving rise to a mechanic's lien in this cause.
>
> "It is THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the plaintiff take nothing by way of his complaint from the defendant, John Zehrner, a/k/a John Zehner, and John Zehner, and that said named defendants recover their costs herein."

Hough timely filed his motion to correct errors which raises the question set forth below for our consideration on appeal.

### III.

### STATEMENT OF THE ISSUE

The issue is one of statutory construction. IC 1971, 32-8-3-1; Ind. Ann. Stat. § 43-701 (Burns 1965). We will examine the statute to determine:

Does the scope of the mechanic's lien statute encompass a materialman who delivers crushed stone for a driveway and parking area which is to be used in conjunction with a commercial garage being constructed?

We conclude in our "Statement on the Law" below that the scope of the statute does encompass such a materialman.

## IV.
## STATEMENT ON THE LAW

The statute here under consideration contains the following language:

> "That contractors, subcontractors, mechanics, journeymen, laborers and all persons performing labor or furnishing materials or machinery for the erection, altering, repairing or removing any house, mill, manufactory, or other building, bridge, reservoir, systems of waterworks, or other structures or for construction, altering, repairing, or removing any walk or sidewalk, whether such walk or sidewalk be on the land or bordering thereon, stile, well, drain, drainage ditch, sewer or cistern may have a lien separately or jointly upon the house, mill, manufactory or other building, bridge, reservoir, system of waterworks or other structure, sidewalk, walk, stile, well, drain, drainage ditch, sewer or cistern which they may have erected, altered, repaired, or removed or for which they may have furnished materials or machinery of any description, and, on the interest of the owner of the lot or parcel of land on which it stands or with which it is connected to the extent of the value of any labor done, material furnished or either; . . ."

This statute is in derogation of the common law and should be strictly construed as to its scope. *Aetna Glass* v. *Mercury Builders, Inc.* (1969), 145 Ind. App. 286, 250 N.E.2d 598. Any lien claimant under this statute has the burden of proof to establish that his claim is within the scope of the statute. Once this has been successfully accomplished, a liberal construction will be given the statute so that its purpose can be accomplished. *Potter Manufacturing Co.* v. *A. B. Meyer & Co.* (1909), 171 Ind. 513, 86 N.E. 837. The purpose of the statute was expressed by our Supreme

Court in *Moore-Mansfield Construction Co.* v. *Indianapolis, New Castle & Toledo Railway Co.* (1913), 179 Ind. 356, 372, 101 N.E. 296, 302:

> "The mechanics' lien laws of America, in general, reveal the underlying motive of justice and equity in dedicating, primarily, buildings and the land on which they are erected to the payment of the labor and materials incorporated, and which have given to them an increased value. The purpose is to promote justice and honesty, and to prevent the inequity of an owner enjoying the fruits of the labor and materials furnished by others, without recompense." See also *Jackson* v. *Franklin & Son* (1939), 107 Ind. App. 38, 23 N.E.2d 23.

Looking to the language in the statute which would be indicative of its scope, we extract the following:

> ". . . persons . . . furnishing materials . . . for . . . other structures, or for construction [of] . . . any walk or sidewalk, whether such walk or sidewalk be on the land or bordering thereon, . . . or for which they may have furnished materials . . . of any description, and, on the interest of the owner of the lot or parcel of land on which it stands or with which it is connected to the extent of the value of any . . . material furnished. . . ."

It would be absurd to limit the scope of the statute to those items specifically and expressly mentioned. *Marks* v. *State* (1942), 220 Ind. 9, 40 N.E.2d 108. Descriptive materials are blatantly absent; therefore, materials are inescapably bound with the nature of ". . . other structures." These words should be given their ordinary and literal significance first. *Ulrich* v. *Beatty* (1966), 139 Ind. App. 174, 216 N.E.2d 737.

*Webster's Third New International Dictionary* (1970) defines "other" as ". . . that which is remaining or additional; being the ones distinct from the one or those first mentioned or understood." "Structure" is defined as the ". . . action of building; construction," giving the following example from T. W. Arnold: "demolish any building, highway, road, railroad, excavation or other structure." *The Random House Dictionary of the English Language* (unabridged ed. 1969)

defines "other" as ". . . additional or further; different or distinct from the one or ones mentioned or implied; . . ." The word "structure" is defined as ". . . mode of building, construction, or organization; arrangement of parts, elements, or constituents; a pyramidial structure. . . ." It further defines "structure" as ". . . anything composed of parts arranged together in some way; . . ." In *McCormack* v. *Bertschinger* (1925), 115 Or. 250, 237 P. 363 where it was contended ". . . that the labor and material which were furnished in the construction of the garage, driveway, walks, and retaining wall, and not in the construction of the house itself, were not lienable, . . ." since they were not structures, the Oregon Supreme Court held that a driveway was a structure even though it had not been specifically or expressly set forth in the statute. The Oregon Supreme Court applied the maxim of *noscitur a sociis*.

Zehrner urges that the doctrine of *ejusdem generis* would exclude the inclusion of a driveway as a structure under the statute. *Ejusdem generis* is only an illustration of the broader maxim of *noscitur a sociis* that general and specific words being associated together take color from each other.[1] But, when it is clear, as it is in the present case, that the less general words were inserted for a distinct object to carry out the purpose of the statute, then the general word ought to govern. It would be a mistake to permit *ejusdem generis* to pervert the construction of the statute and defeat the intention of the legislature. *State* v. *Western Union*

---

1. The rule of statutory construction known as *noscitur a sociis*, which means that the meaning of a doubtful word may be ascertained by reference to the meaning of words associated with it, is the underlying authority for the application of the *ejusdem generis* rule. *Application of Central Airlines* (1947), 199 Okl. 300, 185 P. 2d 919, 924. The rule of *ejusdem generis* is that general words following an enumeration of particular cases apply only to cases of the same kind as expressly mentioned. *Sutherland* v. *Rockford & Interurban Ry. Co.* (1911), 165 Ill. App. 80; *Hodgson* v. *Mountain & Gulf Oil Co.* (D. C. Wyo. 1924), 297 F. 269, 272; *Dowd* v. *Sullivan* (1940), 217 Ind. 196, 27 N.E.2d 82; *Kidwell* v. *State* (1967), 249 Ind. 430, 230 N.E.2d 590.

*Telegraph Co.* (1916), 196 Ala. 570, 72 So. 99; *Sherfey* v. *City of Brazil* (1938), 213 Ind. 493, 497, 13 N.E.2d 568. The cardinal rule of statutory construction mandates that this Court give effect to the intent of the legislature. *Engle* v. *City of Indianapolis* (1972), 151 Ind. App. 344, 279 N.E.2d 827; *Allen County Dept. of Public Welfare* v. *Ball Memorial Hospital Ass'n, Inc.* (1969), 253 Ind. 179, 252 N.E.2d 424.

The drilling of a water well was held to be a structure in *Koch* v. *Fishburn* (1929), 90 Ind. App. 287, 164 N.E. 721. Architectural services are within the scope of a mechanic's lien statute. *Beeson* v. *Overpeck* (1942), 112 Ind. App. 195, 44 N.E.2d 195. In other jurisdictions where the statutory language is similar, grading was held to be reasonably necessary for the proper construction of a house and a part of its "erection." Even landscaping in Illinois has been included as part of the "erection" of a structure thereby bringing it within the lien statute. *Reid* v. *Berry* (1901), 178 Mass. 260, 59 N.E. 760; *Beaudry trading as Wm. A. Beaudry Landscape Organization* v. *Bell* (1928), 250 Ill. App. 468. See also 53 Am. Jur. 2d Mechanics Liens §§ 88-89.

The rationale of our Supreme Court in *Wells* v. *Christian* (1905), 165 Ind. 662, 665, 76 N.E. 518, 519 might well be applied to the present case. In *Wells* v. *Christian, supra,* our Supreme Court stated:

> "The mains and pipes laid down . . . are clearly a part of the apparatus necessary to accomplish the objects for which such heat plant was erected. They constitute a part of the machinery by means of which the business of supplying heat to others must be carried on. The laying of these connecting pipes, essential to the exercise of the franchise held by the appellees, was a part of the erection of the manufacturing plant. . . . The hauling of materials to be used in the performance of the work, and hauling away the surplus earth excavated, were incidental matters inseparably connected with the principal undertaking, and constituted items of labor for which a lien may be acquired. . . . "The work which appellant performed being directly and necessarily connected with the erection of the appellees' heating sys-

tem. . . . The claim sued upon and found to be due and unpaid is within the protection of the statute, and appellant, having taken the steps necessary to perfect a lien upon the real estate described, was entitled to a decree of foreclosure."

Without the crushed stone, heavy trucks attempting to use the commercial garage would become mired down in the soft, moist earth. Moving heavy trucks about the parking area would be cumbersome and difficult. Crushed stone for the driveway and parking area was a necessary and essential part of the commercial garage structure and its subsequent functional use. Hough's claim of a lien is well within the scope of the statute. We do not deem it necessary to draw obvious analogies with walks or sidewalks or the obvious value imparted to Zehrner's commercial garage by having a usable driveway.

## V.

## DECISION OF THE COURT

Crushed stone delivered for a driveway and parking area to be used in conjunction with a commercial garage is a structure within the scope of the mechanic's lien statute. IC 1971, 32-8-3-1; Ind. Ann. Stat. § 43-701 (Burns 1965). The judgment of the trial court should be and the same hereby is reversed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported at 302 N.E.2d 881.