CHARLES MCGINNIS AND LOIS MCGINNIS *v*. PUBLIC SERVICE
COMPANY OF INDIANA, INC.

[No. 1-1073A190. Filed July 23, 1974.]

*Thomas M. McDonald, Rogers, Wilder & McDonald,* of Bloomington, for appellants.

*Bunger, Harrell & Robertson,* of Bloomington, *Frank T. Lewis,* of Plainfield, for appellee.

LOWDERMILK, J.—Plaintiffs-appellants were the owners of certain real estate in Monroe County, Indiana, on which they had granted an easement to defendant-appellee for the purpose of constructing, erecting, and maintaining an electric distribution line.

Appellants attempted to negotiate leases or to arrange sales of the said tract of land which they alleged had no uses involving the construction or erection of buildings or structures. Appellee countered by informing potential buyers and lessees that under the rights granted it under the easement appellee would not permit the potential buyers and/or lessees to use the land on which appellee was the dominant tenant and would deny electric service if the easement strip was used as a mobile home sales lot, as the same would be in violation of the easement.

A general motion for summary judgment was filed, heard, considered, and denied by the court. Thereafter appellee filed a motion for partial summary judgment against the

appellants as owners of the servient tenement, which was granted and judgment entered thereon by the trial court.

Appellants' motion to correct errors was overruled by the court and this court is now presented with three issues for the determination of this matter.

The first issue is whether the decision of the trial court in granting the defendant a partial summary judgment is contrary to law in that there is a genuine issue of material fact.

A portion of the easement in question which this court believes to be pertinent to the issues is in the words and figures as follows, to-wit:

"Grantors agree that no building or other structure will ever be built by Grantors or their successors in interest on any part of the strip hereinabove described and that, if any such building or other structure should be erected or put upon said strip of land, it shall be considered to be a violation of the easement, right and privilege hereby granted, unless erected by Grantee or its successors.

The Grantors reserve the use of said land not inconsistent with this grant."

Appellants urgently insist that there are genuine issues of material fact which precluded the trial court from granting the partial summary judgment. The essence of this claim is whether or not a mobile home is to be considered a building or other structure put upon the land.

Appellants further contend that even though the facts are not in dispute that at least reasonable inferences to be drawn therefrom are in dispute and therefore under such circumstances a partial summary judgment is improper. That is to say, the two categories above mentioned may be decided by the court after finding certain facts and inferences therefrom concerning the nature of mobile homes in general. Such findings are argued by appellants to be proper for the fact finding process of a court or jury and not of summary judgment.

Appellee contends that there are no genuine issues of material fact; that the only dispute is the interpretation to be

given the language contained in the easement indenture and this, appellee contends, is a matter of law.

Summary judgment is controlled by Ind. Rules of Procedure, Trial Rule 56. Partial summary judgments are approved under TR. 56 (D) which is as follows:

> "(D)   Case not fully adjudicated on motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

We believe it relevant to set out the various factors in the determination of the correctness of summary judgments.

> "A motion for summary judgment should be granted where it is shown that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. In deciding whether a genuine issue of fact is raised in any case, a number of general considerations are relevant. First, the right to trial by jury is at stake, so courts must be ever careful to grant summary judgment only when no issue of fact is controverted or turns upon a choice between permissible inferences from undisputed evidence. . . . This need for care has given rise to valid generalizations that summary judgment must be denied when there is 'doubt' whether an issue of fact has been raised, and that summary judgment is not usually appropriate when the issue raised concerns a subjective state of mind." *Washington Post* v. *Keough* (1966), 365 F. 2d 965, 967.

If there be any doubt as to the existence of a genuine issue of material fact, such doubt must be resolved against the party moving for summary judgment. *Doe* v. *Barnett* (1969), 145 Ind. App. 542, 251 N.E.2d 688; *Houston* v. *First Federal Savings and L. Ass'n. of Gary*

(1969), 144 Ind. App. 304, 246 N.E.2d 199; *Kochert* v. *Wiseman* (1971), 148 Ind. 613, 269 N.E.2d 12.

In cases where the facts are not in dispute summary judgment nevertheless is not proper where there is a good faith disagreement as to the inferences to be drawn from such facts.

" '. . . the party opposing the motion is required to show only that there is a genuine issue to be tried and not that he will prevail at the trial. . . .' " *Wozniczka* v. *McKean et al.* (1969), 144 Ind. App. 471, 497, 247 N.E.2d 215, 230.

It is the contention of the appellant that the words "or other structure" are susceptible to more than one interpretation and therefore such is the proper subject for the trier(s) of fact. "Other structure" was defined by the Indiana Court of Appeals to mean an additional building or ". . . arrangement of parts, elements or constituents. . . ."; ". . . anything composed of parts arranged together in some way. . . ." *Hough* v. *Zehrner* (1973), 158 Ind. App. 409, 302 N.E.2d 881, 884. In *Hough* the court determined that crushed stone is a "structure" within the scope of the mechanic's lien statute.

We are of the opinion, after a very careful review of *Hough,* which was determined under the mechanic's lien statute, that the same is not controlling in the construction of the word "structure" in the case at bar which was filed on a completely different theory.

In the case at bar the terms of the easement do not define "other structure", nor was there any extrinsic understandings concerning such restrictions to the servient tenement. Therefore, whether the parties intended "other structure" to include or exclude unattached mobile homes is not clear from the easement itself or from the original motion for summary judgment or the motion before us for partial summary judgment or any affidavits filed in support of or against said motion in this cause. We are of the opinion the issues herein present a question of fact to be determined by the trier(s) of fact. It is entirely possible

that the same definition of "other structure" as set out in *Hough, supra,* might include unattached mobile homes, yet it could also be argued and a fact that this definition includes, in the context of the case at bar, only those items which could be closely equated as fixtures in the property. It could similarly be argued that crushed stone, as in the *Hough* case, may be more likely to be a "structure" on the property than a number of unattached mobile homes which can be removed after their sale or at any other necessary time.

The easement forbids and makes it a violation for the servient tenant to erect or "put upon" said strip of land any building or other structure. While it could be argued that "put upon" could include items such as unattached mobile homes, it could also be argued that for an item to be "put upon" property, some actual attachment would be necessary. Thus, the words "put upon" are subject to different interpretations and would not be a subject for summary judgment, but rather, for the trier(s) of fact.

It is our opinion that there is more than one reasonable inference to be drawn from the language of the easement. It is a question of fact whether mobile homes are "structures" which would be "put upon" the land. This being the case the motion for partial summary judgment should have been denied and the question should be decided by the trier(s) of fact.

". . . It is an established principle that where it is determined that the trial court committed reversible error on one point, this Court is not required to discuss other points or questions in a given case. . . ." *Selner* v. *Fromm* (1969), 145 Ind. App. 378, 251 N.E.2d 127, 131.

Reversed and remanded for trial.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 313 N.E.2d 708.