Sylvia R. Wells *v.* Baltimore and Ohio Railroad Company.

[No. 1-976A175. Filed June 1, 1977.]

*Goltra & Harrison,* of Columbus, for appellant.

*Martz, Beattey, Hinds & Wallace,* of Indianapolis, for appellee.

## STATEMENT OF THE CASE

Lowdermilk, J.—Plaintiff-appellant Sylvia Wells appeals from a judgment in favor of defendant-appellee Baltimore and Ohio Railroad Company based on an action brought by Wells to recover for the wrongful death of her 14 year old son, Tommy Joe Wells.

We reverse.

## FACTS

Tommy, his uncle James, and two teenagers were riding in his uncle's truck as it left a salvage yard which was located about 275 feet north of the track where the fatal collision occurred. The truck was traveling about 7-10 mph and the train was traveling about 60 mph when the impact occurred.

All four occupants of the truck were killed when the truck slowly drove onto the tracks and was hit on the passenger side by the oncoming train.

The crossing was marked with the statutorily required cross bars and a round uniform railroad alert sign. The engineer blew the train whistle, rang the bell, and burned the engine's headlight on bright for the required distance from the whistle post.

The day was bright and clear. Even though weed control spray had been administered both ten weeks and also five days before the accident, the view of the track from the road was somewhat obscured by foliage. Nevertheless, at a distance of 75 feet from the track along the road one could see approximately 275 feet down the track. At 30 feet from the track one could see 600 feet down the track. At 15 feet one could see 1,000-1,100 feet down the track.

## ISSUES

There are four issues which have been presented to this court for review. In view of the fact that we have determined that the trial court committed reversible error on one point, this court is not required to discuss any of the other alleged errors in this appeal. See *McGinnis* v. *Public Service Company of Indiana, Inc.* (1974), 161 Ind. App. 1, 313 N.E.2d 708.

The issue which we have decided is as follows: Did the trial court commit reversible error in its refusal to submit Plaintiff's tendered Instructions #1 and #2 to the jury for its consideration?

## DISCUSSION AND DECISION

The refused instructions which are now in issue read as follows:

## "PLAINTIFF'S INSTRUCTION NO. 1

The defendant Baltimore and Ohio Railroad Company has a duty to the public to exercise reasonable care for the safety of the traveling public in the operation of its trains where the tracks upon which they are operated cross public highways. You are instructed that in determining whether the defendant in this case complied with its duty to exercise reasonable care for the safety of the traveling public, including plaintiff's son, you may take into consideration the conduct of the defendant's crew, the speed of the train, and all the circumstances including the presence or absence of adequate warning signals, signs, gates, bells, watchmen, flagmen, and whether the train whistle, horn or bell was sounded together with all other circumstances concerning the crossing. If you find that the conduct of the defendant under all of said circumstances was not reasonable and prudent then the defendant would be negligent.

You are further instructed that in considering whether plaintiff's son who was a 14 year old passenger in a pick-up truck was guilty of negligence, you may take into consideration all of the above factors insofar as they would bear on his conduct under the existing circumstances.

## PLAINTIFF'S INSTRUCTION NO. 2

Negligence is based upon the duty to use care and it consists of failure to exercise that degree of care which a corporation of ordinary prudence would exercise under like circumstances. It is to be measured in the light of modern ways and means of life where danger can be reasonably avoided.

Although the track of a railroad is of itself a warning of danger to a person approaching it, it is the duty of the railroad company to exercise ordinary care at a crossing by adopting a reasonably safe and effective mode, commensurate with the danger at the particular crossing, of warning travelers of the approach of trains.

In determining whether the railroad exercised reasonable care in maintaining this crossing reasonably safe for users of the public highway in question as shown by the evidence was or was not negligence, you may consider the fact, if it be a fact, that there were not any warning signals, gates, bells, and adequate number of flagmen, together with all other circumstances concerning the crossing, such as obstructions to the view, the time of day or night, and the frequency with which travelers pass over the crossing.

If you find the conduct of the defendant under all of said circumstances was not reasonable and prudent then the defendant would be negligent."

Wells contends that any negligence on the part of the B. & O. Railroad in operating its trains or maintaining its crossings is to be determined by the jury. She also contends that it is within the province of the jury to determine after a consideration of all the circumstances whether a railroad crossing under certain conditions can be classified as extra-hazardous, that simply because the railroad company has complied with all statutory requirements with regard to operating its trains, and marking and maintaining its crossings, does not necessarily mean that it was not negligent or that the crossing was not extra-hazardous.

We agree with these contentions. In *Central Indiana Railway Company* v. *Anderson Banking Company* (1969), 252 Ind. 270, 247 N.E.2d 208, 211, our Supreme Court said:

> ". . . *the better rule to adopt is the 'majority rule' which allows liability to be imposed absent a statutory requirement if the facts of the particular case are such as to give the railroad the duty to warn the traveling public of the extra-hazardous nature of the crossing. The question of the presence of an extra-hazardous crossing could be left to the jury's determination.*" (our emphasis)

The B. & O. Railroad contends that it is the exclusive right of the Public Service Commission to classify a railroad crossing as extra-hazardous, thereby giving rise to a higher duty on the part of the railroad to better mark and maintain that crossing.[1] We do not agree. In *Stevens* v. *Norfolk and Western Railway Company* (1976), 171 Ind. App. 334, 357 N.E.2d 1, this court said:

> "Therefore, it appears clear to this court that subsequent to *Central Indiana Railway Company* v. *Anderson Banking Company, supra,* that a railroad can be found negligent not only in the manner in which it operates its trains, but also,

---

1. See IC 1971, 8-6-7-1 (Burns Code Ed.) and IC 1971, 8-6-7.7-2 (Burns Supp. 1976).

once it is determined under all the circumstances that a grade crossing is extra hazardous, it can then be found negligent in its failure to adequately protect the public from danger by providing warnings and taking safety precautions in addition to those required by statute, and despite the absence of a Public Service Commission determination that the crossing is extra hazardous."

The instructions now in dispute appear almost verbatim in *Indianapolis Union Railway* v. *Walker* (1974), 162 Ind. App. 166, 318 N.E.2d 578, wherein the court at page 583 gave this analysis:

". . . Plaintiff's Instruction No. 1 is directed solely to the issue of negligent operation. It correctly permits the jury to consider the presence or absence of warnings and is not subject to an objection that such warnings may be considered only after a prior determination that the crossing is extra hazardous.

The theory of negligence predicated on a failure to warn is embodied in Plaintiff's Instruction No. 2 in the language ascribing to the railroad a duty to exercise 'reasonable care in maintaining a crossing reasonably safe for users of the public highway in question.' While the instruction does not expressly charge that the crossing must be found extrahazardous as a condition to the imposition of a duty to provide warnings not required by law, we are of the opinion that it is not fatally defective. We do not read the instruction as permitting a finding of negligence due to the absence of warnings irrespective of the conditions and circumstances surrounding the crossing. Rather, it permits the jury to consider the presence or absence of warnings *together with* circumstances and conditions which could render the crossing extrahazardous." (Original emphasis)

Although the trial court in the case at bar gave an instruction which defined the law of negligence in a general way, it gave no instruction which included Wells' contention that it was within the province of the jury to determine that the crossing was extra hazardous and in need of additional warning devices. We hold that the trial court committed reversible

error when it refused to submit Plaintiff's Instruction No. 1 and Plaintiff's Instruction No. 2 to the jury for its consideration.[2]

Judgment reversed and cause remanded to the trial court with instructions that a new trial be granted.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 363 N.E.2d 1001.

2. See *Indianapolis Horse Patrol* v. *Ward* (1966), 247 Ind. 519, 217 N.E.2d 626 and *Burkett* v. *Crulo Trucking Co., Inc.,* (1976), 171 Ind. App. 166, 355 N.E.2d 253.