HALSTEAD ET AL. *v.* OLNEY J. DEAN & COMPANY.

[No. 22,514.    Filed July 1, 1914.    Rehearing denied
November 17, 1914.]

1. PLEADING.—*Theory.*—A pleading, to be sufficient, must proceed on a single definite theory and be good upon that theory. p. 450.

2. PLEADING.—*Cross-Complaint.*—*Theory.*—*Sufficiency.*—In an action to recover for materials furnished in the erection of a concrete factory building, a cross-complaint alleging that as a prerequisite to furnishing the material the cross-complainants required plaintiff to furnish plans and specifications to the approval of the architect, and that the building was constructed in accordance therewith, that the materials furnished were represented to comply with the specifications and to be in all respects suitable, durable and substantial, and that such materials were weak and unsuitable and after being installed in said building, in accordance with the plans and specifications, broke down and gave way, etc., while evidently based on a breach of warranty, was uncertain as to whether the breach had reference to the plans and specifications, or to the materials furnished, and was in either event insufficient, since it showed that by the approval of the architect the plans and specifications became his plans and specifications, and it failed to allege that the materials did not comply with such plans and specifications. p. 450.

3. STATUTES.—*Validity.—Title.*—The provisions of §8 of the me-
chanic's lien law of 1909 (§8302 Burns 1914, Acts 1909 p. 297),
for notice to the owner of the property affected, and that such
owner's responsibility shall not exceed the balance due the con-
tractor, are germane to the subject-matter covered by the title of
the act, and hence the act is not invalid as in conflict with
§19, Art. 4, of the Constitution. p. 451.

4. APPEAL.—*Review.—Directing Verdict.*—In an action on notes
given for the purchase price of building material furnished to
the contractor, and to enforce the liability provided by §8302
Burns 1914, Acts 1909 p. 297, §8, the plaintiff could not complain
of the action of the trial court in allowing a recovery of $200
attorney's fees, where the only testimony on that subject placed
the value of such fees at $200 or $225; nor was the action of
the court in directing a verdict for plaintiff for such amount,
and for the amount agreed upon as due for principal and in-
terest, erroneous, even though the actual amount due from the
owner to the contractor was in dispute, where the evidence
showed that it was more than enough to meet plaintiff's claim.
p. 452.

From Superior Court of Marion County (87,902) ; *Charles
J. Orbison,* Judge.

Action by Olney J. Dean & Company against William
C. Halstead and others. From a judgment for plaintiff,
the defendants appeal. *Affirmed.*

*Charles B. Clarke, Walter C. Clarke, Caleb S. Denny* and
*George S. Denny,* for appellants.

*Charles O. Roemler* and *Harry O. Chamberlain,* for ap-
pellee.

SPENCER, J.—The nature of this action will best appear
from a statement, in substance, of appellee's fourth para-
graph of complaint. It is there charged that on February
15, 1912, appellant, Cole Motor Car Company, was the owner
of certain described real estate in the city of Indianapolis;
that on or about said date said company entered into a writ-
ten contract with appellants, William C. Halstead and De-
Witte V. Moore, whereby the last named appellants under-
took and agreed to furnish all materials and perform the
labor in the construction of a factory building for appel-

lant, Cole Motor Car Company, on its described real estate; that in pursuance of said contract and in the construction and erection of said factory building appellants, Halstead and Moore, purchased of appellee large quantities of materials, which materials were furnished for and used in the erection of said factory building; that on said date appellants, Halstead and Moore, were indebted to appellee for said materials in the sum of $1,979.18, which indebtedness was evidenced by two certain promissory notes, copies of which are attached as exhibits, and by an open account in the sum of $100; that on June 3, 1912, appellee duly served appellant, Cole Motor Car Company, as owner of said factory building, with notice in writing, setting forth the amount of its claim and alleging the use in said building of the materials furnished; that on said date appellant, Cole Motor Car Company, was indebted to appellants, Halstead and Moore, in a large sum of money. Foreclosure of appellee's lien on said sum of money is then asked.

The first and second paragraphs of complaint are ordinary counts on the respective promissory notes above referred to, and as to them the Cole Motor Car Company is not a party defendant. The third paragraph of complaint was dismissed before the trial and the demurrers of the several defendants to the remaining paragraphs were overruled.

The appellants, other than the Cole Motor Car Company, then filed a cross-complaint against appellee in which they alleged that "the notes and account sued upon in each paragraph of complaint were given and incurred by defendants for certain building material furnished by plaintiffs, as set out in the exhibits attached to and forming a part of this complaint, and for certain engineering plans, drawings and specifications prepared, submitted and furnished by plaintiffs in their professional capacity as reinforced concrete engineers to those defendants and used by them as general building contractors in the erection and construction of a factory building for the Cole Motor Car Company, in the

city of Indianapolis, Marion County, Indiana. That plaintiffs represented to these defendants as inducement to the purchase of such building material and the use thereof in the erection and construction of such factory building, that the work these defendants had contracted and obligated themselves to perform on such building, could be well and properly performed by the use of such material so offered for sale by plaintiffs, and that the same, when installed in such building, would be in strict compliance with the plans and specifications therefor and would be in all respects suitable, durable and substantial, and would withstand any strain placed upon the same when in place in such building. That prior to the purchase of such building material by defendants from the plaintiffs, and as a prerequisite to such purchase, these defendants required of plaintiffs, and the plaintiffs then and there agreed to furnish and provide drawings, plans and specifications for the said building, and for the use of such material thereon, to the approval of the architect on said building, and said plaintiffs did provide and furnish such drawings, plans and specifications to the approval of such architect; that the original plans, drawings and specifications upon which these defendants obtained the contract for the erection and construction of such building were modified to conform to the plans, drawings and specifications provided and furnished by plaintiffs, and these defendants thereafter followed the plans, drawings and specifications provided and furnished by plaintiffs, and such building was constructed in accordance therewith, and in such work the material for which the notes sued on in plaintiff's complaint was used. That the defendants relied upon the skill and reputation of plaintiffs as reinforced concrete engineers in the use of such material so procured by plaintiffs, and these defendants also relied upon the representations of plaintiffs, made prior to the sale of such material, that such material would be in all respects suitable, durable

and substantial, and would withstand any strain placed upon the same when in place in such building; that the defendants would not have purchased such material from the plaintiffs if such representations as above set out had not been made. That the material so furnished by plaintiffs was weak and wholly unsuitable for the purpose for which it was intended to be used and when installed in said building in accordance with the plans, drawings and specifications provided by plaintiffs, and as intended when sold and purchased, such material broke down and gave away, causing the roof of such building to fall in, thereby greatly injuring and damaging said building.'' The cross-complaint then charges that the appellants were put to great expense on account of said collapse and asks for a set-off against appellee and for damages covering such expense. Appellee's demurrer to this cross-complaint was sustained and error is now alleged in such ruling.

The rule is too well settled to require the citation of authority that a pleading must proceed on a definite theory and unless it is good on that theory it is not good at all. It is evident that in the cross-complaint before us the pleader is attempting to charge appellee with a breach of warranty, but it is by no means clear whether the warranty alleged to have been broken has reference to the drawings, plans and specifications, or to the materials furnished and used. In either event the cross-complaint is insufficient. If a breach of warranty as to the drawings, plans and specifications is relied on, the pleading destroys itself in that it alleges that said plans were to be furnished to the approval of appellants' architect and that they were so furnished and approved by him. They then became his plans and specifications. On the other hand, the cross-complaint fails to show a breach of warranty as to the materials furnished in that there is no allegation that they were not as required by the plans and

specifications which appellants' architect had approved and adopted. Appellee's demurrer was properly sustained.

It is next urged that the trial court erred in overruling the demurrer of appellant, Cole Motor Car Company, to the fourth paragraph of complaint. Under this assignment the constitutionality of §8 of the mechanic's lien law of 1909 (Acts 1909 p. 297, §8302 Burns 1914) is challenged on the ground that its subject-matter is not covered by the title of the act of which it is a part. The title in question reads as follows: "An Act entitled an act concerning liens of mechanics, laborers, journeymen, contractors and subcontractors and material men, and declaring an emergency." Section 8, which forms the basis of the fourth paragraph of complaint, provides that "Any subcontractor, journeyman or laborer employed in erecting, altering, repairing or removing any house, mill, manufactory or other building, or bridge, reservoir, system of water works, or other structure, or in furnishing any material or machinery therefor, may give to the owner thereof, or, if said owner is absent, to his agent notice in writing particularly setting forth the amount of his claim and services rendered, for which his employer is indebted to him, and that he holds the owner responsible for the same; and the owner shall be liable for such claim, but not to exceed the amount which may be due, and may thereafter become due, from him to the employer, which may be recovered in an action whenever an amount equal to such claim, over other claims having priority, shall be due from such owner to the employer."

Section 19, Art. 4, of our Constitution provides that "Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title." As is said, however, in *Moore-Mansfield. Constr. Co.* v. *Indianapolis, etc., R. Co.* (1913), 179 Ind. 356, 367, 44 L. R. A. (N. S.) 816: "There has been a general disposition to construe this provision liberally

rather than to embarrass legislation by a construction whose strictness is unnecessary to the accomplishment of the beneficial purposes for which it was adopted.''

It will be observed that the act of 1909, as above quoted, provides that notice must be given to the owner of an intention to hold him responsible for the claim in question and that such responsibility extends no further than to such funds as are then due the employer or may thereafter become due, from the owner. The remedy thus given need work no hardship on the owner and is designed only as an additional protection to those who, under other provisions of the law, are entitled to have a lien on the property in question. To quote from *Colter* v. *Frese* (1873), 45 Ind. 96, 104, with reference to a similar statute, ''The lien given might be an inadequate remedy, as the property might be previously encumbered to an extent that would render the lien unavailable; hence the right of a personal action against the owner is conferred to the extent indicated.'' Section 8 embraces matters which are germane to and properly connected with the general subject and purpose of the act as a whole and does not violate the constitutional provision. *State* v. *Closser* (1913), 179 Ind. 230; *Board, etc.* v. *Scanlan* (1912), 178 Ind. 142; *Marion, etc., Traction Co.* v. *Simmons* (1913), 180 Ind. 289.

The remaining question arises out of the action of the trial court in directing the jury to return a verdict in favor of appellee. As the case went to trial the only facts in issue under the first and second paragraphs of 4. complaint were (a) whether the appellants were indebted to appellee on the two notes sued on, (b) whether said notes were due and unpaid, and (c) the amount of attorneys' fees, if any, which might be recovered. The first two facts were admitted by stipulation of the parties and the amount due, including interest, was fixed at $1,977.88. As to attorneys' fees, the notes themselves showed that such fees were to be recovered but no amount was fixed. Two

witnesses only testified on the subject, of whom one thought $200 would be a reasonable fee while the other placed the amount at $200 or $225. The court, in directing the verdict, allowed the smaller amount and appellants are not in a position to complain. In their brief in this court appellants seek to raise some objections to the hypothetical question on which the evidence as to attorneys' fees was based but such objections, even if tenable, should have been made in the trial court. It is clear that no error was committed in directing a verdict as to the issues presented by the first and second paragraphs of complaint.

With regard to the additional issues presented by the fourth paragraph of complaint the evidence is without conflict save as to the amount which was due from the Cole Motor Car Company to the other appellants at the time appellee's notice was served, or subsequent thereto. The evidence on this issue is in dispute as to the actual figures but it clearly appears that the amount was more than sufficient to meet appellee's claim and it was not error to direct a verdict for that sum.

No error appearing in the record, the judgment of the trial court is affirmed.

NOTE.—Reported in 105 N. E. 903. As to the validity of mechanic's lien laws, see 4 Ann. Cas. 620; Ann. Cas. 1912 C 339. As to the effect of architects' certificates and engineers' estimates when provided for in contracts, see 56 Am. St. 312. See, also, under (1) 31 Cyc. 116, 84; (2) 31 Cyc. 226; (3) 36 Cyc. 1028; (4) 3 Cyc. 384.