## MEADOWS *v.* THOMAS.

[No. 23,285. Filed February 28, 1918.]

1. DEPOSITIONS. — *Cross-Examination.* — *Limitation.* — Where plaintiff's witness in his examination in chief at the taking of his deposition gave no. testimony as to the mental condition of the grantor at the time he executed the deed under which the defendant claimed title, there was no error in strik-- ing out evidence elicited from the witness on his cross-examination relative to his opinion of the grantor's soundness of mind. p. 218.

2. TRIAL.—*Unnecessary Proof.*—In an action to set aside a deed, it was improper to permit the plaintiff, who claimed title by inheritance from her father, to prove over proper objection the existence of a will in order to afford an excuse for introducing a judgment setting it aside, since such evidence is unnecessary to make a *prima facie* case, in view of the presumption in favor of intestacy. p. 218.

3. QUIETING TITLE.—*Prima Facie Case.*—The proof by plaintiff that her father was dead and that she was his only heir was sufficient to make a *prima facie* case of title in her to any real estate of which the father died seized. p. 218.

4. APPEAL.—*Objections Available.*—An objection to offered evidence, to be available on appeal, must be sufficiently definite to call the attention of the court to the specific grounds upon which it rests and to disclose the legal principle that renders the evidence inadmissible. p. 219.

5. APPEAL.—*New Trial.—Objections Available.*—An objection not presented to the trial court cannot be invoked as a ground for a new trial nor to reverse a judgment on appeal. p. 219.

6. INSANE PERSONS.—*Disaffirmance of Deed.*—The plaintiff in an action to set aside a deed given to the defendant by her father, since deceased, while of unsound mind, had the right

to disaffirm the deed through a legally authorized agent. p. 219.

From Morgan Circuit Court; *Nathan A. Whitaker,* Judge.

Action by Eva F. Thomas against Hattie M. Meadows. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590). *Affirmed.*

*Bain & Branch* and *Carson, Lehman & Faust,* for appellant.

*Silas C. Kivett, Earl S. Elliott* and *James M. Ogden,* for appellee.

LAIRY, J.—This was an action by appellee, Eva F. Thomas, to set aside, on the grounds of unsoundness of mind and undue influence, a deed of conveyance made by her father, John Gardner, to appellant, Hattie M. Meadows, on January 18, 1913. There was also a paragraph of complaint seeking to quiet title to the property conveyed by Gardner's deed. Appellant filed affirmative paragraphs of answer and also a cross-complaint asking that her title be quieted. The issues were closed by general denials of these pleadings and trial was had by court and jury. The jury found for appellee that she is the owner of the real estate in controversy, and the court, being advised, found for appellee upon her first and second paragraphs of complaint, which were to set aside the deed, and rendered judgment upon the verdict of the jury and finding of the court decreeing that appellee was the owner of the property and that the deed of conveyance be set aside as invalid.

The action of the trial court in overruling appellant's motion for a new trial is the only error assigned on appeal. Several of the questions presented under the motion for a new trial may be considered together.

After a careful reading and consideration of the evidence, the court is convinced that the evidence on the issues of unsoundness of mind and undue influence is sufficient to sustain the finding of the court on the first and second paragraphs of complaint as well as the verdict of the jury on the third paragraph of complaint. That being true, the court did not err in refusing to direct a verdict for appellant nor in overruling appellant's motion to withdraw the issue of undue influence from the consideration of the jury.

The court committed no error in striking out a part of the deposition of Arthur J. Jones, taken on behalf of appellee. On his examination in chief, the witness gave no testimony bearing on the mental condition of the grantor, John Gardner, at the time of the execution of the deed under which appellant claimed title. On cross-examination the witness was asked his opinion as to whether such grantor was a person of sound or unsound mind at the date of the conveyance. Such evidence could not be properly elicited in cross-examination; and, as it was not otherwise presented, the court did not err in striking it out. *Patton* v. *Hamilton* (1859), 12 Ind. 256; *Stewart* v. *Stewart* (1910), 175 Ind. 412, 94 N. E. 564.

Appellee asserted title to the real estate in controversy as the daughter and heir at law of John Gardner. For the purpose of showing that her father died intestate, and that any real estate of which he died seized passed by descent, and not by will, she offered and the court admitted in evidence the judgment of the Marion Circuit Court in another action setting aside a purported will of John Gardner. Appellant asserts that the admission of this evidence was error. The rule in this state is that there is a presumption in favor of intestacy. *McClanahan* v. *Williams* (1893), 136 Ind. 30, 35 N. E. 897.

Proof that John Gardner was dead and that appellee was the only heir was sufficient to make a *prima facie* case of title in her as to any real estate of which he died seized. If a proper objection had been made, the court should not have permitted her to prove the existence of a will in order to afford an excuse for introducing a judgment showing that it had been set aside. A party should not be permitted to prove a fact which is unnecessary to establish his cause of action when the only effect would be to afford an excuse for introducing evidence to overcome the fact so proven. Such a course is idle and may be prejudicial. In this

4. case, however, the real objection to the offered evidence was not pointed out in the objections made in the trial court. It has been frequently decided that the objection must be of such a nature as to call the attention of the court to the specific grounds upon which it rests, disclosing the legal principle which renders the evidence inadmissible. Objections of a general or indefinite character are not available on appeal. *Seisler* v. *Smith* (1897), 150 Ind. 88, 92, 46 N. E. 993; *Clokey* v. *State* (1914), 182 Ind. 589, 590, 107 N. E.

5. 273. An objection not presented to the trial court cannot be invoked as a ground for a new trial nor to reverse a judgment on appeal. The court did not err in overruling the objections on the grounds stated, and, as questions not specifically raised by the objections cannot be considered on appeal, no available error was committed in this ruling.

Appellee had a right to disaffirm the deed in ques-

6. tion through the action of a legally authorized agent. The claim that there is no evidence to show a disaffirmance of the deed cannot, therefore, prevail.

Appellant complains of several instructions given by the court. A careful consideration of the instruc-

tions given and of the objections urged thereto convinces the court that the jury could not have been misled thereby, and that no prejudicial error was committed.

Judgment affirmed.

NOTE.—Reported in 118 N. E. 811. Cross-examination: limiting witness to scope of direct examination, 55 Am. Dec. 559; 14 Am. St. 480; 17 Ann. Cas. 4. Who may disaffirm deed made by an insane person, 19 L. R. A. 492. See under (1) 13 Cyc 931, (3) 32 Cyc 1372.