INDIANAPOLIS POWER & LIGHT CO. *v.* SOUTHEASTERN SUPPLY CO., INC.

[No. 469A66. Filed April 23, 1970.]

*Norman R. Newman,* Indianapolis, for appellant.

*Anthony J. Kleen* and *David F. McNamar, Steers, Klee, Jay & Sullivan,* Indianapolis, for appellee.

LOWDERMILK, C.J.—Appellee, plaintiff below, commenced its action against appellant, defendant below, to foreclose its lien upon funds owed to George Bahre d/b/a George Bahre Company, by the appellant. It is charged that George Bahre d/b/a George Bahre Company, hereinafter referred to as "Contractor" entered into an agreement by the terms of which said Contractor agreed to furnish all labor, equipment and materials, and to do all things necessary to remodel the then-existing building on real estate of the appellant located on the Indianapolis Circle, and to erect a new building contiguous and adjacent to the present structure.

The Contractor entered upon the performance of its contract, which, among other things, called for plastering improvements remodeled and erected on said real estate and appellee alleged that said Contractor engaged the services of Charles McGarvey Company, Inc., a plastering contractor, hereinafter known as "Plaster Contractor", to do such pastering on improvements on said real estate of appellant.

Appellee further claimed that at the special instance and request of the said Plaster Contractor, appellee sold, furnished and delivered plastering materials to said Plaster Contractor of the reasonable value of $6,707.10. A bill of particulars of said plastering materials was attached to and made a part of the complaint.

Appellee further alleged that all of said materials were ordered expressly by the said Plaster Contractor from the appellee for the plastering of said improvements, and was furnished by appellee to said Plaster Contractor for that purpose, and were used by the said Plaster Contractor on the improvements of said real estate and are now a part thereof.

Appellee further claimed and alleged in its complaint that on October 11, 1966, and November 1, 1966, appellee gave written notice to appellant, particularly setting forth appellee's claim for materials furnished said Plaster Contractor

and used in the improvements of said real estate of appellant, and then and there notified the appellant in writing that appellee was holding defendant personally liable for the payment of such claim, pursuant to Burns' Ind. Stat. § 43-709.

It was further claimed and alleged that at the time of issuing such notices appellant had in its possession in excess of $100,000 due said Contractor and that it was the duty of appellant to then and there withhold the amount due from said Contractor of the claim of the appellee herein and that the same was not done.

The appellee in its cause of action asked for $2,500 attorneys' fees, plus the principal and interest alleged to be due to it.

The above statement of facts consists principally of the allegations of the complaint.

To the appellee's complaint the appellant filed a demurrer stating the same did not state facts sufficient to constitute a cause of action, together with its memorandum. The memorandum reasoned that Burns', § 43-709 did not apply. Appellant further complains that the complaint charged that appellant employed George Bahre d/b/a George Bahre Company as the general contractor for its new building; that Bahre employed Charles McGarvey Company, Inc., as one of its subscontractors to do the necessary plastering. Appellant claimed further that appellee sold pastering materials to Charles McGarvey Company, Inc., which materials were used in plaintiff's building. (This court assumes this obviously means appellant's building.) The complaint further alleged that Charles McGarvey Company, Inc., did not pay appellee and that appellee served notice on appellant of its claim that appellant was indebted to Bahre in excess of $100,000.

Appellant further claimed in its memorandum that by the allegations of the complaint appellee claims to have furnished materials, but the complaint does not allege that appellee rendered any services.

The memorandum further charges that the statute has given a *subcontractor* of Bahre a right to claim from the property owner a sum due him out of the moneys appellant still owed Bahre, but claims further that this is not the case in question. Charles McGarvey Company, Inc., was fully paid and actually overpaid, and it is argued that appellee could not be considered a subcontractor of Bahre.

Appellee filed a memorandum in opposition to the said demurrer, setting forth therein that appellant owed the contractor more than $217,000 and notice was served on appellant by appellee and that appellant chose to disregard the notice and refused to deduct the amount due appellee or pro-rate the same to other valid claims, if any.

The said memorandum in opposition to appellant's demurrer further claimed Burns', § 43-709, was made not only for the protection of subcontractors and materialmen, but also for the protection of the owner; that appellee complied with the statute, appellant did not, and therefore appellee is entitled to the benefits of the statute.

A rather lengthy memorandum in reply to the memorandum of appellee in opposition to demurrer of appellant was submitted to the court, wherein it was contended, among other things, that Charles McGarvey Company, Inc., billed Bahre for work and *materials used* and Bahre paid the bills. Some of these materials, it is alleged, were supplied by appellee, *but the materials were paid for when Bahre paid the Charles McGarvey Company, Inc.* It was further claimed that neither Bahre nor the appellant had any control over whether the Charles McGarvey Company, Inc., paid appellee.

The case of *Nash Engineering Co.* v. *Marcy Realty et al.*, 222 Ind. 396, is discussed, along with other cases.

The court overruled appellant's demurrer to appellee's complaint.

Following this, appellant filed its answer in two paragraphs under Supreme Court Rule 1-3A, the second paragraph being

affirmative, alleging full payment and that George Bahre d/b/a George Bahre Company had paid and, in fact, overpaid the Charles McGarvey Company, Inc.

Appellee filed demurrer to the affirmative paragraph of answer, alleging the same did not state sufficient facts to constitute a defense, together with a memorandum referring to Burns' Ind. Stat. § 43-709. The memorandum sets out many of the facts heretofore stated in appellee's memorandum in opposition to appellant's demurrer.

The court overruled the demurrer to appellant's affirmative paragraph of answer.

This was followed by a motion to reconsider ruling on demurrer and appellant's memorandum in opposition to said motion which contained a very long and well reasoned argument supporting appellant's contention. This was followed by appellee's memorandum in opposition to appellant's memorandum, and here again, the case was argued at length and the law was set out in another long and well reasoned argument.

The court, in its ruling on this, sustained appellee's motion to reconsider the ruling on appellee's demurrer to the affirmative answer, and set aside the previous ruling, overruling the demurrer, and sustained the same.

Appellee timely filed request for admissions, which were timely answered and on the same day appellant filed its objections to request for certain admissions, namely requests numbered 9, 10 and 15.

To these objections appellee filed its memorandum in opposition, and appellee also filed motion to strike response of appellant to certain requests for admission, which was followed by appellant's memorandum in opposition thereto.

This was followed by appellant's memorandum in opposition to appellee's memorandum in opposition to objections to request for admissions, which cited cases.

The court then overruled appellant's objections to request for admissions 9, 10 and 15, and ruled appellant to answer same, and at the same time, overruled appellee's motion to strike responses of appellant to requests 4, 5, 6, 7 and 8.

Appellant then timely filed its responses to request for admissions 9, 10 and 15.

Following all the above pleadings appellee filed motion for summary judgment, together with an affidavit of one S. E. Cornelius, which motion for summary judgment and affidavit read as follows:

### "MOTION FOR SUMMARY JUDGMENT

"Plaintiff Southeastern Supply Company, Inc. moves the Court for Summary Judgment in its favor on its complaint herein against Defendant Indianapolis Power and Light Company in the sum of $6707.10, with interest thereon, for the following reasons:

"1. That as a matter of law, there does not exist herein a genuine issue as to any material fact between the Plaintiff and Defendant herein.

"2. That as a matter of law, the Defendant has no defense to the Plaintiff's cause of action herein.

"In support of this motion, the Plaintiff attaches hereto and makes a part hereof, and marks Exhibit A, Affidavit of S. E. Cornelius, General Manager of Southeastern Supply Company, Inc.

"WHEREFORE, Plaintiff moves the Court that its motion herein be sustained.

"STEERS, KLEE, JAY & SULLIVAN
"By Anthony J. Klee
"Attorneys for plaintiff

### "AFFIDAVIT OF PLAINTIFF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

"S. E. Cornelius, being duly sworn, upon his oath deposes and says:

"1. That he is General Manager of the Plaintiff in the above entitled cause of action, and is duly authorized to make this affidavit on behalf of Plaintiff herein; that he is familiar with the matters set forth in the complaint.

"2. That Defendant entered into a contract with George Bahre d/b/a George Bahre Company, hereinafter referred to as 'Contractor', whereby the contractor agreed to furnish labor, equipment, and materials to remodel the then existing building on defendant's real estate located on the southeast segment of Meridian and Monument Circle, Indianapolis, Indiana, and to erect a new building contiguous and adjacent to the then existing old building on said real estate; that said contractor entered upon the performance of his contract, which among other things called for plastering all the improvements on said old building and new structure, and that said Contractor entered into an agreement with his subcontractor, Charles McGarvey Co., Inc., Plastering Contractor, to do the plastering on the improvements on said real estate of defendant; and that at the special instance and request of the plastering contractor, this Plaintiff sold, furnished and delivered to Plastering Contractor, plastering materials, all of the reasonable value of $6,707.10, a bill of particulars of which is attached to Plaintiff's complaint.

"3. That said materials were ordered especially by said contractor from this Plaintiff for the plastering of said improvements, and were furnished by Plaintiff for that purpose, and were by said plastering contractor used in said improvements.

"4. That the Plaintiff has never been paid therefor, and that a long and unreasonable delay has taken place.

"5. That on October 11, 1966, and on November 1, 1966, Plaintiff gave written notice to defendant, particularly setting forth plaintiff's claim for materials furnished said Plastering Contractor and used on defendant's real estate, and then and there notified defendant in writing that Plaintiff was holding defendant personally liable for the payment of Plaintiff's claim aforesaid, pursuant to Burns Indiana Statutes 43-707. [sic.]

"6. That at the time of serving of said notices, Defendant had in its possession in excess of $100,000.00 due said contractor; that Defendant failed, refused and neglected to pay Plaintiff's claim herein.

"7. That Plaintiff has been compelled to employ attorneys to enforce and foreclose this claim and lien, in accordance with said statute.

"8. That in truth and in fact, said Defendant had in its possession on October 11, 1966, due and owing George

Bahre Contractor, $217,476.80; that on November 1, 1966, defendant owed said contractor $218,868.40.

"9. That Defendant by its answer filed herein on the 22nd day of March, 1968, admitted that it held in its possession in excess of $100,000.00 due George Bahre at the time of the service of said notices.

"Further affiant saith not.

"S. E. Cornelius"

Appellant timely filed affidavit opposing the motion for summary judgment, which was the affidavit of George Bahre, and reads as follows:

"AFFIDAVIT ON BEHALF OF DEFENDANT
OPPOSING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

"George Bahre, being duly sworn upon his oath, says:

"1. That he makes this affidavit for and on behalf of the defendant.

"2. That Exhibit A, attached to plaintiff's Motion For Summary Judgment, being the affidavit of one S. E. Cornelius, General Manager of plaintiff corporation is false in one very material statement, to-wit:

"That in rhetorical paragraph 3 thereof it is alleged:

'That said materials were ordered especially by said contractor from this plaintiff—'.

"3. That rhetorical paragraph 2 of said affidavit states:

'That Defendant entered into a contract with George Bahre, d/b/a George Bahre Company, hereinafter referred to as "contractor"—'

that neither this affiant nor anyone acting on his behalf ordered any of the materials for which plaintiff seeks to collect from defendant and that all plastering materials for which plaintiff seeks to collect were ordered by the officers and employees of Charles McGarvey, Inc., which corporation was, as alleged in said affidavit, the plastering sub-contractor on the Indianapolis Power & Light Company Building on the Monument Circle in Indianapolis, Indiana.

"5. That as a matter of law there is a genuine issue between the parties as to a material fact, namely who pur-

chased the materials and who is responsible for payment therefor.

"6. That as a matter of law, Defendant has a defense to Plaintiff's claimed cause of action since it would not deduct from sums due said George Bahre, d/b/a George Bahre Company, sums claimed by plaintiff when defendant was informed and believed that Bahre was not indebted to plaintiff for any sum whatsoever for plastering materials used by said Charles McGarvey Co., Inc. in its works as plastering sub-contractor in said building.

"Further affiant sayeth not.

"George Bahre"

Hearing was set for argument on the motion for summary judgment and after hearing, appellee filed its amended affidavit, being the affidavit of S. E. Cornelius, reading as follows:

## "AMENDED AFFIDAVIT

"S. E. Cornelius, being duly sworn, upon his oath, deposes and says:

"1. That in support of plaintiff's motion for summary judgment, he did on the 31st day of July, 1968 execute an affidavit which affidavit together with said motion for summary judgment was filed on November 26, 1968.

"2. That paragraph three of said affidavit reads as follows:

'3. That said materials were ordered especially by said contractor from this Plaintiff for the plastering of said improvements, and were furnished by Plaintiff for that purpose, and were by said plastering contractor used in said improvements.'

"Through an inadvertence the word 'contractor' in said paragraph three of said affidavit should have read 'sub-contractor'.

"3. That paragraph three of said affiant's affidavit is now amended to read as follows:

'3. That said materials were ordered especially by said sub-contractor from this Plaintiff for the plastering of said improvements, and were furnished by Plaintiff for that purpose, and were by said plastering contractor used in said improvements.'

"4. In all other respects, this affiant reaffirms said affidavit.

"S. E. Cornelius"

Appellee next filed its motion for summary judgment as to attorneys' fees, together with the affidavit of Anthony J. Klee in support thereof, which reads as follows:

"AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AS TO ATTORNEYS' FEES

"Anthony J. Klee, being first duly sworn, upon oath says:

"1. That he is of counsel for the Plaintiff, and is now and has been for many years last past and is now duly licensed to practice law in all the courts, both state and federal, in the State of Indiana.

"2. That he has rendered legal services in connection with Plaintiff's cause of action herein, all as particularly set out in Exhibit A attached hereto, that in addition thereto, Petitioner, prior to the filing of this suit, had conference with George Bahre and officers of Plaintiff and had two conferences at the office of Defendant, with an officer of Defendant, in an effort to avoid litigation of the subject matter of this law suit; that said Exhibit A does not include the time spent in argument on Summary Judgment before the court; that the reasonable value of all services rendered herein is $1500.00.

"Anthony J. Klee"

Thereafter, the court duly entered its judgment which was in the words and figures as follows, to-wit:

"Comes again the parties by counsel and the plaintiff's oral motion to amend the affidavit of S. E. Cornelius by adding the word 'sub' before the word contractor on line 2 of paragraph 3 of said affidavit be and the same is overruled.

"And now said Cornelius tenders amended affidavit for filing and the same is ordered filed herein.

"And now the Court having heretofore examined Plaintiff's Motion For Summary Judgment against defendant and the amended affidavit in support thereof, and having examined the counter affidavit of defendant, and having heard argument of counsel and having heretofore taken this matter under advisement, and being duly advised, now finds for plaintiff on its said motion and amended affidavit for summary judgment against defendant; and that plaintiff is entitled to summary judgment against defendant in the principal sum of $6,707.10; that a long and unreason-

able delay has taken place and plaintiff is entitled to interest thereon in the sum of $916.57; that plaintiff's counsel is entitled to reasonable attorney fees herein and that a reasonable attorney fee for his services herein is $775.00.

"It is therefore ordered, adjudged and decreed by the court that the plaintiff have and recover judgment against the defendant in the sum of $8,398.67 together with its costs herein."

A motion for a new trial is not required preliminary to an appeal where a summary judgment has been rendered. Indiana Supreme Court Rule 2-6, Amended April 22, 1968:

"Provided, however, a motion for a new trial shall not be appropriate for raising error claimed by reason of the entering of a summary judgment. The sustaining of a motion for a summary judgment and the granting of same may be assigned and specified separately in the assignment of errors for consideration on appeal. * * *"

Appellant's assignment of errors is as follows:

## "ASSIGNMENT OF ERRORS

"The Appellant in the foregoing captioned appeal alleges and says there is manifest error in the proceedings, decision and judgment of the Superior Court of Marion County prejudicial to Appellant in this, to-wit:

### I.

"The Court erred in sustaining the Appellee's motion for a summary judgment.

### II.

"The Court erred in granting the Appellee's motion for a summary judgment.

### III.

"The Court erred in overruling Appellant's Demurrer to Appellee's Complaint.

### IV.

"The Court erred in sustaining Appellee's Demurrer to Appellant's Affirmative Answer to Appellee's Complaint.

### V.

"The Court erred in overruling Appellant's Objections to Appellee's Request for Admissions as to requests 9, 10 and 15.

## VI.

"The Court erred in permitting Appellee to file an Amended Affidavit in Support of Motion for Summary Judgment after the hearing on such motion.

## VII.

"The Court erred in permitting Appellee to file an Affidavit In Support Of Motion For Summary Judgment As To Attorney's Fees after the hearing on such motion.

"WHEREFORE, Appellant respectfully prays the Court to set aside the judgment of the Superior Court of Marion County, to order such Court to enter judgment for the Appellant and for all other necessary and proper relief in the premises."

Our court and the Supreme Court have made it a necessary prerequisite that the trial court, in rendering a summary judgment, make the finding "There is no genuine issue as to any material fact" and the failure to so find is a fatal error. This court, having carefully considered each of the assignments of error, has determined they were not well taken. Further, acting under the standards of the court that persons be not required to do useless things, and also being of the further opinion that if the cause were reversed for the court's failure to include in its finding that "there was no genuine issue as to any material fact", the same result would be reached by the court next trying the cause, with the addition in the findings that "there was no genuine issue as to any material fact". The court has, therefore, heretofore remanded this cause to the trial court with instructions to correct its judgment to comply with the law as determined by our Supreme Court. The same has been done and the judgment, as amended, now reads as follows:

## "CORRECTED ENTRY OF SUMMARY JUDGMENT

"Come again the parties by counsel and the Plaintiff's oral motion to amend the affidavit of S. E. Cornelius by adding the word 'sub' before the word contractor on line 2 of paragraph 3 of said affidavit be and the same is overruled.

"And now said Cornelius tenders amended affidavit for filing and the same is ordered filed herein.

"And now the Court having heretofore examined Plaintiff's Motion for Summary Judgment against Defendant and the amended affidavit of S. E. Cornelius in support thereof, and having examined the counter-affidavit of Defendant, and having heard argument of counsel and having heretofore taken this matter under advisement, and being duly advised, now finds for Plaintiff on its said motion and amended affidavit for summary judgment against Defendant; and also finds that there is no genuine issue as to any material fact involved herein; and that Plaintiff is entitled to summary judgment against Defendant in the principal sum of $6707.10; that a long and unreasonable delay has taken place and Plaintiff is entitled to interest thereon in the sum of $916.57; that Plaintiff's counsel is entitled to reasonable attorney fees herein and that a reasonable attorney fee for his services herein is $775.00.

"It is therefore ordered, adjudged and decreed by the Court that there is no genuine issue as to any material fact involved herein and Plaintiff have and recover judgment against the Defendant in the sum of $8,398.67, together with its costs herein."

This opinion is necessarily quite lengthy and we shall abbreviate the same as much as possible by consolidating specifications 1, 2 and 6 of the assignment of errors, and the rest of the assignments must necessarily be treated separately.

We have heretofore disposed of appellant's contention in its argument that the court failed to make an affirmative finding that there was no genuine issue as to any material fact, as we have had the trial court correct the same, *supra*. The Indiana Rules of Procedure, p. 115, AP. 7.2 C. Correction or Modification of Record, reads, in part, as follows:

"If, on appeal, * * *. If anything material to either party is omitted from the record by error or accident, or is misstated therein, the trial court shall

"(1) either before or after the record is transmitted to the court on appeal, or

"(2) * * *

"correct the omission or misstatement and if necessary certify and transmit a supplemental record."

Appellant contends that the affidavit filed on behalf of appellee in support of its motion for summary judgment and the counter-affidavit filed on behalf of appellant, put in issue as a material question of fact, whether Bahre, the general contractor, or anyone acting on his behalf, had purchased the materials for which appellee was seeking payment.

A careful review of these affidavits confirms appellant's contention that there was an issue of material fact as to whether or not Bahre, the general contractor, or anyone acting in his behalf, had purchased the materials. However, after an argument the trial court permitted appellee to file an amended affidavit by S. E. Cornelius, which corrected his original affidavit, by substituting in paragraph 3 thereof, in the second line, for the word "contractor" the word "subcontractor". In this court's opinon, the correction clarified the entire situation and removed any question of material fact as to the purchase of the plastering materials on which appellant relies for reversal.

Appellant contends that the court erred in permitting appellee to file an amended affidavit in support of the motion for summary judgment after the hearing on the motion. With this we cannot agree. Appellant failed to timely object to this procedure in the trial court and cannot now be heard to complain.

Objections not made in the court below cannot be urged on appeal. *Crescent City Aviation, Inc.* v. *Beverly Bank* (1966), 139 Ind. App. 669, 219 N. E. 2d 446; *Meadows* v. *Thomas* (1917), 187 Ind. 216, 118 N. E. 811.

It was within the trial court's discretion to permit the amendment.

Indiana Rules of Procedure, Trial Rule 56

Summary Judgment E. Form of affidavits—Further testimony Defense required:

"* * * the court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, further affidavits, or, within the discretion of the judge, testimony of witnesses."

The principal allegations of the demurrer, together with memorandum thereto filed to appellee's complaint, and the opposition memoranda, have been heretofore set out in our statement of facts, *supra*.

Appellant contends that the complaint does not contain an allegation that Bahre was indebted to the Charles Mc-Garvey Company, Inc., at the time of the serving of the notice and is therefore bad on demurrer. Burns' Rev. Stat. § 43-709, reads, in part, as follows:

"* * * any subcontractor * * * or in furnishing any material or machinery therefor may give to the owner thereof * * * notice in writing particularly setting forth the amount of his claim and services rendered, for which his employer is indebted to him, and he holds the owner responsible for the same; * * *."

It is our opinion that all that is required under the statute is that the complaint set out that the notice was given in writing *setting forth the amount of his claim and services rendered,* for which his employer is indebted to him, and that he holds the owner responsible; and it is not necessary to affirmatively allege that the employer is indebted to him.

The amount of the claim alleged is necessarily determined by the amount of the employer's indebtedness to the plaintiff (Our emphasis.) Appellant further contends that the complaint is defective for the reason it alleges appellee furnished material and did not allege that appellee *rendered services.* (Our emphasis.) In the case of *Nash Engineering Co.* v. *Marcy Realty Corp.* (*supra*) the court held, in construing our statute, namely § 43-709:

"The present section, to apply it to the facts in this case, (with additional elision) reads:

'Any sub-contractor . . . employed . . . in furnishing any material . . . therefor (i.e. for a building under construction) may give to the owner thereof . . . notice in writing particularly setting forth the amount of his claim and services rendered, for which his employer is indebted to him, etc.'

"One who is employed in furnishing material is engaged in so doing. The person who contracted with him to furnish the material may, without straining the meaning of the word, be called his 'employer'. The phrase containing 'services rendered' in the 1834 act doubtless was intended to require details of the kind of labor performed and the price per hour or per day. But after the early amendments above mentioned 'services rendered' may also be deemed to mean a bill of particulars for material furnished."

Appellant's contention that the appellee is not to be considered a contractor is untenable.

The case of *Nash Engineering Co.* v. *Marcy Realty Corp., supra,* said:

"One who contracts with a subcontractor is himself a subcontractor. See *Stephens et al.* v. *Duffy* (1908), 41 Ind. App. 385, 81 N. E. 1154. Parties to a contract may agree, as they did in the contract we shall later consider, that only he who contracts directly with the principal contractor shall for the purpose of the contract be a subcontractor but obviously this definition is neither controlling nor persuasive as to the meaning of the same word as used for over seventy-five years in this statute. . . ."

In the case before us there is no evidence that the parties to the contract ever agreed that only the one contracting directly with the principal contractor shall for the purpose of the contract be a subcontractor. There can be no question under the holdings construing the statute in question that appellee was a subcontractor and we find no error in the trial court's overruling the demurrer to appellee's complaint.

Next, the appellant contends that the court erred in sustaining appellee's demurrer to appellant's affirmative answer to appellee's complaint, in that it did not state facts sufficient to constitute a defense. The memorandum filed therewith

sets out that Charles McGarvey Company, Inc., billed the contractor as work progressed and such billings included all materials and labor furnished by appellee for appellant's building, and the contractor had fully paid Charles McGarvey Company, Inc., and appellant was without authority to pay appellee out of funds due the contractor. It was further claimed in the memorandum that this case does not involve a mechanic's lien, but was an attempt to enforce personal liability against the owner under Burns' § 43-709.

The charge of payment by the owner to the contractor is no defense to the appellant's claim against the owner, as it was alleged when notice was given the owner that the appellee looked to the owner for payment and the owner had more than $100,000 in its possession owed the contractor.

This provision of the statute is to protect the owner so he may withhold money due a contractor and protect himself against an unscrupulous subcontractor who had not paid the materialman. After receiving the proper notice and failing to respond to the same and protect itself, the owner cannot be heard to complain of double payment. Payment in full to a contractor will not defeat liens that are properly taken. *Colter* v. *Frese et al.* (1873), 45 Ind. 96; *Merritt* v. *Pearson* (1877) 58 Ind. 385.

We cannot agree with appellant that this case does not involve a mechanic's lien, but is an attempt to enforce personal liability against the owner under Burns' § 43-709.

We are of the opinion that the court correctly sustained appellee's demurrer to appellant's affirmative answer to appellee's complaint.

Specification 5 of the assignment of errors is the claimed error in overruling appellant's objection to appellee's request for admissions as to requests 9, 10 and 15.

Request number 9 reads as follows:

"In accordance therewith, Plaintiff did not file a mechanic's lien on defendant's real estate to protect its claim."

Appellant's stated objection to request number 9 is as follows:

> "Request No. 9. Defendant objects to this request as irrelevant to the alleged statutory action filed herein and for the further reason that it calls for defendant to know the reasoning process of plaintiff's attorney or of plaintiff's corporate officer."

Appellant claims that request number 9, when coupled with request number 8, is obviously an attempt by appellee's attorneys to convey to the court that they were misled by one of appellant's corporate officers and then lost their lien rights as a materialman. They further claim that the appellee was conceded that appellee did not have lien rights and that in no event did the action involve an attempt to foreclose a mechanic's lien.

We cannot agree with this contention. As has heretofore been set out in this opinion, this is an action to foreclose appellee's lien under Burns' § 43-709, and the court correctly overruled the objection.

Request number 10 reads as follows:

> "Said Husted, at said last mentioned date, at said conference, stated to Klee that the Defendant had a corporate payment and completion bond executed by George Bahre as principal, with Western Casualty and Surety Company as surety."

This was followed by appellant's objection:

> "Request No. 10. Defendant objects to this request for the reason that it is irrelevant to the alleged statutory action filed herein, this not being an action on a bond."

Appellant's argument is that appellee's attorneys were apparently trying to convey to the trial court the idea that if a judgment were rendered in favor of appellee, the appellant would not have to pay it, but a surety company would. Appellant further argues that this was not an action on payment of a performance bond and that Western Casualty

and Surety Company was not a party, and any attempt to bring them in would be improper.

This being a case to foreclose a lien, was necessarily in equity and no jury would be had, and the court would not be prejudiced by request number 10.

It is our opinion that the same was proper, if for no other reason than to go to the credibility of the witness, Husted. It must be noted further that request number 8, which was not objected to, asked whether the appellant still owed more than $200,000 to George Bahre Company, the general contractor, and if no mechanic's liens were filed by appellee on appellant's real estate, the appellant would see to it that appellant would not make a final settlement with George Bahre Company unless and until appellee's claim for materials furnished and used in the building was paid.

This court can find no prejudice to the appellant by this request, namely, number 10.

Request number 15 reads as follows:

"To induce Defendant to make final settlement with George Bahre Company, George Bahre Company caused to be executed and delivered a surety bond indemnifying defendant from any loss by reason of final payment being made to George Bahre Company without deducting the amount claimed by Plaintiff herein."

The appellant's objection thereto is as follows:

"Request No. 15. Defendant objects to this request for the reason that it is irrelevant to the alleged statutory action filed herein as to what matters occurred between defendant and George Bahre Company at the time of final settlement between defendant and George Bahre Company."

Appellant assigns the same reasons that the objections should have been sustained as it assigned above, for the reasons stated, as to request number 15, that it should have been sustained.

This court, for the reasons set forth as to the above assignments, is of the opinion that the court did not err in ruling appellant to answer request number 15.

> "It has generally been supposed that under Rule 36, as under the other discovery rules, a matter is subject to discovery and is not irrelevant even though it may not be admissible at the trial."

Barron and Holtzoff's Federal Practice and Procedure, Vol. 2A, § 833, p. 508.

Burns' Ind. Stat. § 2-1534. Scope of inquiry—"Unless otherwise ordered by court, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject-matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. [Acts 1961, ch. 292, § 2, p. 729; 1965, ch. 92, § 1, p. 129.]"

The appellant's final assignment of error is that the court erred in permitting appellee to file an affidavit in support of its motion for summary judgment as to attorney's fees after the hearing on the motion for summary judgment. Appellant contends that the award of attorney's fees in the amount of $775.00 is in violation of Burns' Ind. Stat. § 43-707, which reads as follows:

> "43-707. Attorney's fees — When denied. — In all suits brought for the enforcement of any lien under the provisions of this act (Sec. 43-701, 43-713, 43-717), if the plaintiff or lienholder shall recover judgment in any sum, he shall also be entitled to recover reasonable attorney's fees, which shall be entered by the court trying the same, as a part of the judgment in said suit, however, attorney's fees shall not be recovered as part of the judgment against the property owner in any suit in which it is shown that the contract consideration for such labor, material or machinery

has been paid, in fact, by the property owner or party for whom the improvement has been constructed."

Appellant further contends that when the trial court permitted appellee's attorney to file his affidavit re attorney's fees after the hearing and failed to afford appellant's attorney an opportunity to file an affidavit the court led himself into error. Appellant further alleges that had such affidavit been filed prior to the hearing on the motion for summary judgment it would have been simple to file an affidavit in opposition setting up facts under the above quoted statute that would have called to the trial court's attention that no attorney's fees should be awarded appellee's attorney.

We have searched the record and no place therein do we find that the appellant objected to appellee's filing the affidavit concerning the attorney's fees.

It is only reasonable to assume that if the court would have permitted the appellee to file an affidavit at that time, the court would have also permitted the appellant to file an answer affidavit. No answer affidavit was filed.

Appellant is, for the first time, raising this question as to the affidavit re attorney's fees in this appeal. As the court has heretofore said, the appellant, having failed to timely object in the trial court to the filing of the affidavit, cannot now be heard to complain. *Crescent City Aviation, Inc.* v. *Beverly Bank, supra; Meadows* v. *Thomas, supra.*

Finding no reversible error, we are of the opinion that this cause should be, and the same is, hereby affirmed.

Costs versus appellant.

Carson and Cooper, JJ., concur; Sullivan, J., dissents with opinion.

### DISSENTING OPINION

SULLIVAN, J.—I dissent from the opinion delivered in this cause by the majority. My areas of disagreement are three-

fold, only one of which materially affects the result I believe required in the matter. In the interest of clarity and in order that my position be not misleading I consider it appropriate to comment on the other two issues, however.

Contrary to the provision of Art. 7, § 5, of the Constitution of the State of Indiana, which by virtue of *Hunter* v. *Cleveland, Cincinnati, Chicago & St. Louis Ry.* (1930), 202 Ind. 328, 174 N. E. 287, is made applicable to the opinions of the Appellate Court, the majority opinion herein does not address itself to one procedural contention made by appellant and properly before this court as a matter of record. The trial court below quite clearly failed to set forth in its findings that there was no genuine issue as to any material fact. I would, therefore, agree with appellant that on its face the trial court's finding and judgment does not conform to the dictates of *Harris* v. *Young Women's Christian Association* (1968), 250 Ind. 491, 237 N. E. 2d 242, nor to the holding of this court in *Singh* v. *Interstate Finance of Indiana No. 2, Inc.* (1969), 144 Ind. App. 444, 246 N. E. 2d 776. I would not, however, require remand of the cause on this narrow basis. As recently stated in *Ware* v. *Waterman* (1969), 146 Ind. App. 237, 253 N. E. 2d 708 at 709 (Footnote 1), such remand for the sole purpose of permitting the trial judge to incorporate the words of art into his finding would unduly prolong the proceedings. I, therefore, prefer to address my dissent to the merits as treated or omitted by the majority opinion.

Although not bearing directly upon the result I would reach upon the merits, I am totally unable to understand what appears to me to be a self-defeating holding by the majority. My colleagues have at several points in their discourse categorized appellee's remedy and recovery as foreclosure of a lien. They quite clearly state that the proceeding below was *not* "an attempt to enforce personal liability against the owner under Burns' § 43-709." In that regard, nothing save the naked and unsupported conclusion of the majority appears in the opinion. Yet, the entire substance

of that opinion is devoted to a consideration and interpretation of the very statutory provision deemed inapplicable as well as to certain case decisions, particularly, *Nash Engineering Co.* v. *Marcy Realty Corp.* (1944), 222 Ind. 396, 54 N. E. 2d 263, which construe that provision.

If, in fact, the holding of the majority is that appellee was attempting to assert lien rights under the Mechanics' Lien Law, such holding necessarily renders the result reached by the majority totally erroneous. The very rigid procedural requirements for perfection of a mechanic's lien were not here followed. Section 3 of the Mechanics' Lien Law, being Ch. 116 of the Acts of 1909, as amended and found in Ind. Anno. Stat. § 43-703 (Burns' 1969 Supp.), provides, in part, that:

> "Any person who wishes to acquire a lien upon any property[1] * * * shall file in the recorder's office of the county, at any time within sixty [60] days after * * * furnishing such materials * * * a sworn statement in duplicate of his intention to hold a lien upon such property for the amount of his claim * * *."

It is clear from the record, the briefs and the argument of counsel in this cause that no notice was filed by appellee herein pursuant to the above-quoted section. If, therefore, as stated by the majority, appellee was attempting to assert lien rights, appellee must fail here.

Notwithstanding the above-mentioned inconsistency of the majority position here it is quite clearly the law of Indiana that the provisions of Acts of 1909, ch. 116, § 8, as found in Ind. Anno. Stat. § 43-709 (Burns' 1965 Repl.), do not confer lien rights. The very cases cited by appellee as authority for its position and relied upon by the majority of this court to support the result reached controvert those respective positions. The remedy and rights conferred by

---

1. I fail anywhere in the Mechanics' Lien Law to detect any language that would indicate a legislative intent to afford a lien against property other than real estate with the exception of one provision (Burns' § 43-712) which concerns liens against railroad rights-of-way and franchises.

Burns' § 43-709, are alternative and in addition to the lien rights conferred by the other sections of the same act. The principal case relied upon by both the appellee and by the court, *Nash Engineering Co.* v. *Marcy Realty Corp., supra,* quotes from two earlier cases acknowledging this distinction. In *Colter* v. *Frese* (1873), 45 Ind. 96, the court said at page 99:

> "Section 649 [the predecessor to Burns' § 43-709] provides for a personal liability of the owner of a building in favor of any sub-contract, journeyman, or laborer employed in the construction or repair, or furnishing materials for any building, not to exceed, however, the amount due, or that may become due, from the owner to the employer. *"This section is confined to the subject of personal liability, and has no relation whatever to liens on property."* (Emphasis supplied)

The same court said further at page 104:

> "The contractor has the right to a lien and also to his personal action against the owner. The object of the law was to place the sub-contractor, journeyman, laborer, and material-man upon the same footing with the contractor, except that the personal action against the owner in favor of the subcontractor, etc., is limited by the amount that may be due or may become due from the owner to the employer. The lien given might be an inadequate remedy, as the property might be previously encumbered to an extent that would render the lien unavailable; hence the right of a personal action against the owner is conferred to the extent indicated."

Quoting from *Crawford* v. *Crockett* (1876), 55 Ind. 220, at 224, the case of *Nash Engineering Co.* v. *Marcy Realty Corp., supra,* stated at p. 407:

> " '* * * Thus it is seen that materialmen, etc., may acquire a lien upon the property to the extent of the value of the materials furnished, *or* they may hold the owner of the building personally liable, not exceeding the amount that may be due, or may become due, from him to the contractor. *They may do one or the other, or both.*' " (Emphasis supplied)

In *Halstead* v. *Dean & Co.* (1914), 182 Ind. 446, 452, 105 N. E. 903, our Supreme Court in construing the "owner's personal liability" section cited the *Colter* case, *supra,* and said:

> "It will be observed that the act of 1909, as above quoted, provides that notice must be given to the owner of an intention to hold him responsible for the claim in question and that such responsibility extends no further than to such funds as are then due the employer or may thereafter become due, from the owner. The remedy thus given need work no hardship on the owner and is designed only as an *additional protection* to those who, under other provisions of the law, are entitled to have a lien on the property in question. \* \* \*" (Emphasis supplied)

In *O'Halloran* v. *Leachey* (1872), 39 Ind. 150, 152, the court pointed out that the remedy provided by § 649 is purely personal while that provided by § 650 is *in rem.* The court further stated at page 152:

> "\* \* \* The one makes the owner personally responsible, while the other creates a lien upon the ground and building. \* \* \*"

An earlier case, *Barker* v. *Buell* (1871), 35 Ind. 297, cited by appellee and extensively quoted in its brief is of particular interest. The court held there at page 302:

> "We are of the opinion that section 649 has no reference whatever to the subject of liens. It does not determine by whom, or under what circumstances, a lien may be acquired, or what steps shall be taken to acquire it. It simply provides for fixing a *personal liability* upon the owner of a building under certain circumstances, and to a certain extent, and for enforcing the same by action. There is no allusion in the section to the subject of liens, but, on the contrary, its entire scope and effect, letter and spirit, are confined to personal liabilities, and the mode of fixing and enforcing them by action. It will be seen that the personal liability that can be fixed upon the owner of a building is less extensive than the lien that can be acquired against the property. The personal liability is limited to the amount that may be due, or may become due from the owner to

the employer. Moreover, a party, in order to enforce his lien, must file his complaint therefor within one year[2] from the completion of the work, or the furnishing of materials, or, where a credit is given, from the expiration of the credit (sec. 651), while there is no such limitation to the personal action provided for by section 649.

"Inasmuch as section 649 has no application whatever to liens, either in respect to the circumstances under which they may be acquired, or to the manner in which they may be acquired or enforced, it follows that the notice therein provided for to the owner of property, in order to fix a personal liability upon him, is not necessary in order to acquire a lien. Section 650 provides for the notice to be given in order to acquire a lien, and none other is required for that purpose."

The unbroken line of authority in Indiana concerning this particular issue of statutory interpretation is as herebefore set forth. It is, I think, quite undeniably contra to the unsupported, unsupportable, and improvident conclusion of the majority.

The principal source of my inability to concur in the result reached by the majority is, however, even more basic and in my estimation more glaring than those heretofore discussed.

Convenient to its result, the majority opinion does not set forth that portion of the statute in question (Burns' § 43-709), which I deem to be dispositive of the entire appeal. The portions of the statute I deem pertinent are inclusive of a provision set out below with emphasis, which provision was omitted entirely by the majority's treatment. Those portions are as follows:

"Any subcontractor * * * employed * * * in furnishing any material * * * [for a building under construction] may give to the owner thereof * * * notice in writing particularly setting forth the amount of his claim and services rendered, for which his employer is indebted to him, and that he holds the owner responsible for the same; and the owner shall be liable for such claim, *but not to*

---

2. The Acts of 1909, as hereinbefore noted, changed the period within which such notice of lien must be filed from one year to sixty days.

*exceed the amount which may be due, and may thereafter become due, from him to the employer * * *"* (Emphasis supplied)

The statute is not complicated. It fixes the personal liability of an owner of real estate basically as set forth in the majority opinion. The statute, however, *restricts* that liability to an amount "not to exceed the amount which may be due * * * from him [the owner] to the *employer*."

The majority opinion cites the *Nash* case, *supra,* quite correctly, I think, for the proposition that the word "employer" as used in the statutory phrase "for which his employer is indebted to him" means the employer of the supplier of the material for which claim is made—in this case, Charles McGarvey Co., Inc., the plastering subcontractor. Quite logically, appellee relies on the *Nash* case to this effect for the simple reason that the success of its lawsuit depends, at least in part, upon proof that McGarvey, plaintiff's employer, owed the plaintiff for the materials supplied.

I would not for a moment dispute that the facts of the *Nash* case are virtually identical to that of the case before us and that the *Nash* case reached the same result obtained by the majority here. I further agree that the statute construed in the *Nash* case is the same statute governing our case. The *Nash* case, however, did not, even by inference, consider the restriction of an owner's liability to such sums as he, the owner, might owe to the employer of the materialman. I therefore cannot see how the *Nash* opinion can be considered as authority contrary to my views in this regard.[3]

---

3. It should be noted that each of the eight cases cited and relied upon by the opinion in the *Nash* case, *supra,* of necessity involved the same "employer." The relationship of the parties in those cases is best explained by the following diagram:

Owner-Defendant
˅
Contractor-Employer
˅
Materialman-Plaintiff,

It seems very clear to me that neither the appellee nor this court is empowered to redefine the word "employer" as it sees fit. If McGarvey is the "employer" within the meaning of that word as first used in the statute, McGarvey must necessarily be considered to be the "employer" within the meaning of the word as later used in the same statutory section. I am compelled, therefore, to the obvious conclusion, in agreement with appellant, that since IPALCO, the owner, owed nothing to the "employer" McGarvey, Southeastern Supply cannot recover from IPALCO upon the basis of Burns' § 43-709.[4]

---

as opposed to the following diagram which represents the relationship of the parties in the *Nash* case as well as in the instant case:

Owner-Defendant
▼
Contractor
▼
Subcontractor-Employer
▼
Materialman-Plaintiff.

It is thus apparent to me that the *Nash* case too narrowly treated the fact situation there involved and dealt solely with the quesion whether a materialman as opposed to a contractor or subcontractor could avail himself of the provisions of Burns' § 43-709. The *Nash* case improperly did not consider the further requirements of that very statute insofar as the limitation of the liability of an owner was concerned. The majority here has compounded the error of omission contained in the *Nash* decision.

4. It should be noted that a curious inconsistency exists between the theory, allegations and proof necessarily accepted as true in this cause and the undisputed facts present in the case of *The Western Casualty & Surety Co.* v. *State of Indiana for the Benefit of Southeastern Supply Co., Inc.*, decided by the Second Division in Appellate Cause No. 469 A 67 (decided March 24, 1970), 146 Ind. App. 431, 256 N. E. 2d 398. The latter case involved a claim and recovery by plaintiff Southeastern against Western Casualty as surety upon a bond executed by George Bahre Co., the general contractor for Indianapolis Power and Light Co. Said transaction was apparently a part of the self-same construction project as involved in the appeal decided by us here. The claim and the judgment for the benefit of Southeastern in both cases was identical as to the principal amount. The inconsistency exists, however, in the fact that Southeastern's success in the case before us necessarily depended upon notice to IPALCO of a claim by Southeastern *while there was due or to become due* monies from IPALCO to the "employer." On the other hand, in the *Western Casualty & Surety Co.* case, it was undisputed that Southeastern was not paid for materials supplied to McGarvey although the owner IPALCO paid Bahre the general contractor *in full before owner had any knowledge* of Southeastern's materialman's claim.

To paraphrase Lord Acton, there is no error so glaring or so apparent that it will not have defenders among the ablest of men. I regretably but firmly believe that such is the case here and that my three colleagues have wholly misconceived the nature and theory of the action below and have totally blinded themselves to the essence of the appeal before us. Also regretably, however, their three voices constitute the voice of this court. I am able, therefore, but to dissent.

I would reverse.

NOTE.—Reported in 257 N. E. 2d 722.