Richard L. McCORRY and Suzanne McCorry, Husband and Wife, Defendant–Appellants,

v.

G. COWSER CONSTRUCTION, INC., Snow–N'–Son, Inc., L. Scott Electric Co., Inc., Impact Heating & Air Conditioning, Inc., Plaintiff–Appellees.

No. 45S05–9412–CV–1212.

Supreme Court of Indiana.

Dec. 16, 1994.

William J. Moran, Highland, for appellants.

Michael L. Muenich, Hand Muenich & Wilk, Highland, for Cowser & Snow.

Bruce A. Lambka, Crown Point, Highland, for L. Scott Elec. Co., Inc., and Impact Heating & Air Conditioning, Inc.

On Petition To Transfer

DICKSON, Justice.

The question presented is whether attorney fees are recoverable under Indiana Code Section 32–8–3–9, the personal liability section of the mechanic's lien statute. The Court of Appeals determined that such fees cannot be recovered. *McCorry v. G. Cowser Const. Co., Inc.* (1994), Ind.App., 636 N.E.2d 1273, 1279–80. One of the plaintiff-appellees, Snow–N'–Son, Inc., seeks transfer on grounds that the decision of the Court of Appeals conflicts with prior opinions of the Court of Appeals. *See Gibson Lewis Corp. v. NIPSCO,* (1988), Ind.App., 524 N.E.2d 1316, 1319 n. 4; *Zeigler Bldg. Materials, Inc. v. Parkison,* (1980), Ind.App., 398 N.E.2d 1330, 1332; *Indianapolis P & L Co. v. Southeastern Supply Co.,* (1970) 146 Ind.App. 554, 257 N.E.2d 722. Transfer is granted.

While a mechanic's lien must be filed within a specified period of time, there is no such time limitation in the personal responsibility statute, which makes no mention of a lien on real estate and does not separately provide for the recovery of attorney fees. *McCorry,* 636 N.E.2d 1273. The Court of Appeals held that a recovery based on the personal responsibility provisions of the mechanic's lien statute does not constitute a lien and therefore attorney fees are not available. *Id.*

We agree. To resolve the apparent conflict between the present and prior opinions of the Court of Appeals, we now expressly adopt the opinion of the Court of Appeals pursuant to Ind.Appellate Rule 11(B)(3). The judgment of the trial court, as modified therein, is affirmed.

SHEPARD, C.J., and DeBRULER and GIVAN, JJ., concur.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Justice, concurring.

I read our opinion in this case to be limited to holding that attorneys' fees are not available under the personal liability section of the mechanic's lien statute. Ind. Code § 32–8–3–9. We are not presented with and do not decide here any other issues concerning the interrelationship of the personal liability section with the balance of the mechanic's lien statute, including those other issues raised by the Court of Appeals in this case and by the other Court of Appeals cases cited in our opinion today.