OPINION ON REHEARING



ATTORNEY FOR APPELLANT

Jason R. Delk
Delk McNally LLP
Muncie, Indiana

ATTORNEY FOR APPELLEE

Cynthia A. Marcus
Marcus Law Firm, LLC
Fishers, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Thomas A. Ambrose II,<br>*Appellant,*<br><br>v.<br><br>Dalton Construction, Inc.,<br>*Appellee* | February 10, 2016<br><br>Court of Appeals Case No.<br>29A02-1407-CC-479<br><br>Appeal from the Hamilton<br>Superior Court<br><br>The Honorable William J. Hughes,<br>Judge<br><br>Trial Court Cause No.<br>29D03-1202-CC-1996 |

**Robb, Judge.**

[1]   In *Ambrose v. Dalton Construction, Inc.*, 2015 WL 5320346 (Ind. Ct. App. Sept. 14, 2015), we concluded the trial court properly denied Thomas Ambrose's motion for summary judgment and properly entered final judgment in favor of Dalton Construction, Inc., on Dalton Construction's complaint to foreclose a

mechanic's lien. Ambrose filed a petition for rehearing,[1] contending, in part, that our decision is erroneous to the extent it was based on alleged oral modifications to the contract between the parties. We grant rehearing to clarify our opinion with regard to this issue.

[2] To reiterate the facts briefly, Ambrose contracted with Dalton Construction to build a pool at his home. The location of the pool was shown on a plot plan that was required by the city. Dalton Construction actually built the pool in a different location, however, claiming Ambrose's wife orally changed the location of the pool when it began work. Ambrose, for this reason and others, refused to pay Dalton Construction for its work, precipitating this lawsuit. Ambrose counterclaimed for breach of contract and filed a motion for summary judgment asserting Dalton Construction committed the first material breach of the contract by not building the pool where the plot plan showed it. The trial court denied summary judgment, and following a bench trial ruled in favor of Dalton Construction, based in part on its finding that although the pool was not constructed in the location depicted in the plot plan, the plot plan was not part of the contract, and the contract did not specify the location of the pool.

[3] On appeal, Ambrose argued in part that whether or not Mrs. Ambrose had orally changed the location of the pool—an allegation she denied—was irrelevant because the contract contained a "no oral modifications" provision.

---

[1] Dalton Construction did not file a response.

We held the denial of summary judgment was not in error because whether or not the plot plan was part of the contract, there was a genuine issue of material fact as to whether the location for the pool had been orally modified, despite the "no oral modifications" provision of the contract. For a similar reason, we also held the trial court's judgment was not in error because the trial court settled the factual question in Dalton Construction's favor. In both instances, we cited *Sees v. Bank One, Ind., N.A.*, 839 N.E.2d 154, 161 (Ind. 2005), for the proposition that even contract provisions requiring modifications to be in writing can be orally modified.

[4] On rehearing, Ambrose cites caselaw stating that if a contract is required to be in writing, then any modifications also have to be in writing. *See* Appellant's Petition for Rehearing at 5 (citing *Huber v. Hamilton*, 33 N.E.3d 1116, 1123 (Ind. Ct. App. 2015), *trans. denied*). In turn, he cites the Indiana Home Improvement Contract Act ("HICA") to support his assertion that this contract was required to be in writing. *See id.* at 6 (citing Ind. Code ch. 24-5-11). We first note that despite the alleged oral modification of the pool location being an issue both at trial and on appeal, Ambrose did not previously raise HICA to support any of his arguments. We also note that HICA defines a "home improvement contract" as "an agreement, *oral or written* . . . to make a home improvement and for which the contract price exceeds one hundred fifty dollars ($150)." Ind. Code § 24-5-11-4 (emphasis added). However, it also states that "[a] modification to a home improvement contract *is not enforceable against a consumer*

*unless the modification is stated in a writing* that is signed by the consumer." Ind. Code § 24-5-11-10(d) (emphasis added).

[5] To the extent our decision could be interpreted otherwise, we hereby clarify that there is a statutory requirement that modifications to a home improvement contract must be in writing, notwithstanding the language in *Sees*.[2] This does not change the result, however. A violation of HICA only makes the contract unenforceable against the consumer. *Cyr v. J. Yoder, Inc.*, 762 N.E.2d 148, 152 (Ind. Ct. App. 2002) (setting aside a damage award in favor of contractors where the home improvement contract failed to comply with HICA requirements). However, in the absence of a contract, a party may still recover under a theory of unjust enrichment. *Troutwine Estates Dev. Co., LLC v. Comsub Design & Eng'g, Inc.*, 854 N.E.2d 890, 897 (Ind. Ct. App. 2006), *trans. denied*. A mechanic's lien, which was the basis for Dalton Construction's complaint here, is a statutory lien meant to prevent unjust enrichment of property owners who enjoy material improvements to their property. *McCorry v. G. Cowser Constr., Inc.*, 636 N.E.2d 1273, 1281 (Ind. Ct. App. 1994), *adopted* 644 N.E.2d 550 (Ind. 1994). Non-compliance with HICA does not preclude such equitable remedies.

[6] Subject to the above clarification, we affirm our opinion in all respects.

---

[2] One of the issues on appeal, which we did not explicitly address, was whether the location of the pool was specified in the contract. The trial court found that it was not, and if we were to agree with the trial court, then changing the location of the pool from that shown on the plot plan was not a modification to the contract at all.

May, J., and Mathias, J., concur.